## COONS v. THROCKMORTON.

The recital in the record that constructive notice to a non-resident defendant in chancery has been given by publication is sufficient, since the act of February 17, 1859, though evidence of such publication has not been filed. But in such case it must affirmatively appear that an affidavit of the non-residence of the defendant was filed, or the publication will not affect such defendant with notice.

*Appeal from Phillips Circuit Court in Chancery.*

Hon. JAMES M. HANKS, Circuit Judge.

ENGLISH & WILSHIRE, for the appellant.

The decree should be reversed, because the appellant was not served with process actual or constructive. No subpœna was issued against him; nor was there any affidavit filed stating that he was a non-resident of the State; and without such affidavit, neither the clerk nor court could make an order of publication, (*Gould's Dig.*, ch. 28, sec. 13; *Saffold v. Saffold, et al.*, 14 Eng., 408), and a publication made without affidavit is not legal notice to the defendant.

Even if the order of publication had been made upon proper affidavit, there is no evidence of record that it was ever published according to law. *Brodie, et al., v. Skelton, 6 Eng., 120.*

WATKINS & ROSE, for appellee.

The record recites that Coons was duly notified of the pendency of the suit. This, under the act of February 17, 1859, is sufficient for this court: See *Rose's Dig.*, p. 129, sec. 35.

WALKER, C. J.

The only question presented for our consideration is, as to the sufficiency of the constructive notice attempted to be given

to the appellant Coons, against whom a decree was rendered upon the state of case made by the bill, for want of answer or defense by him.

Although there are several other defendants to the bill, it is evident that he was the principal party defendant in interest. In the bill he is alleged to be a resident of the State of Alabama. The solicitors for the complainant made an affidavit setting forth that several of the defendants, naming them, were non-residents; but the defendant, Coons, was not named as one of them. Upon this affidavit, the clerk, in vacation, made an order, reciting that it appeared, from an affidavit appended to the bill, that defendant Coons, and other defendants, were non-residents, and notice be given by publication, &c. No subpœna was taken out against Coons, nor was he served with process to appear; so that, if in fact Coons was a non-resident, there is no evidence of it apparent upon the record, except the statement in the bill that he resided in the State of Alabama.

The only evidence that the order was published as required by law, is the statement upon the record that the defendant Coons, with the other defendants, "although duly notified of the pendency of this suit by publication, as required by law, failed to appear," &c. No order of publication is found upon the record before us; nor is there any evidence that publication was made, unless the record statement be taken as such.

The rule, as laid down in *Brodie v. Skelton*, 11, *Ark.*, *129*, and repeatedly since approved, is, that where a decree is taken upon constructive notice, the court shall see that all the requirements of the statute, whereby the defendant is deemed in law to be affected with notice, have been substantially complied with. Under this rule it was held, in *Brodie v. Skelton*, that it was not sufficient that the record state that publication had been made according to law, but the evidence of that fact must appear upon the record. But, by statute passed since those decisions were made, the recitals in the record that constructive notice has been given, are made evidence of such fact. *Acts,*

*approved, February 17, 1859.* The objection to the sufficiency of the notice upon this ground, therefore, is not well taken; but this statute does not, in our opinion, cure the objection that the order of publication against the appellant, Coons, was made without the affidavit required by law. The statute, *sec. 13, ch. 28, Dig.*, provides: "If any complainant, or some person for him, shall file with the bill or petition an affidavit that part or all of the defendants are non-residents of the State, the court, or clerk thereof in vacation, shall make an order," &c. In this instance, it affirmatively appears of record that no affidavit that the defendant, Coons, was a non-resident, was filed. His name is not mentioned with others in the affidavit. No process was sued out against him, and, therefore, for aught that appears, he may all the while have been a resident of the State.

In accordance with the rule laid down in our previous decisions, we must hold the constructive notice, in this case, insufficient to affect the defendant with notice, and that it was error to take the bill as confessed and proceed to final decree against him without notice. For which error, the decree of the Phillips circuit court, sitting in chancery, is reversed, and the cause remanded, with leave to the appellant to appear and offer such defense as he might have done under the rules of practice in chancery proceedings at the return term of process, after due service upon the defendant, and for further proceedings therein, according to the rules and practice in such cases, and the rights of the parties.