## COFFEE VS. GATES & BRO.

PRACTICE: *Service of summons by unofficial person, etc.*

Under section 65, Code of Practice, an unofficial person may be authorized to serve process; but, to make such service binding, the correctness of the return must be verified by the oath of the party making the same. The mere recital, in the formal part of a judgment or decree, that the defendant was legally served with notice, is not a necessary part thereof; the record made by the official indorsement of return upon the writ is the proper evidence of due service, and, when it appears from such return that no sufficient service has been had, the court acquires no jurisdiction of the person of the defendant.

APPEAL from *Prairie* Circuit Court.
Hon. JOHN WHYTOCK, Circuit Judge.
*Clark & Williams*, for appellant.
*A. H. Garland*, for appellees.

GREGG, J. On the 29th of February, 1872, the appellees filed their complaint in equity to enforce a trust deed upon certain personal property, alleging the indebtedness of the appellant; the due execution of the trust deed; the lapse of time, and the failure to pay; and that the trustee had refused to execute the trust, etc.

At the return term, the record states that the complainants came by attorney and the defendant came not, but made default, and the cause came on for hearing, upon the bill and exhibits on file, etc. And it further appearing that said defendant has been legally served with notice of the pendency of this action, but has wholly failed to appear and answer, and the court being well advised what judgment to render, etc., decreeing against appellant. After which, the appellant appeared and filed his motion to set aside the decree by default, as he alleged, because the plaintiffs did not show a cause

of action; second, that the decree was not according to law; and, third, that the court had no jurisdiction of the cause or of the person of the defendant, and that *he was not properly before the court.*

It appears from the return upon the summons, that McClintock, the sheriff of the county, by written indorsement, authorized Kirby F. Penfield to execute the writ. Then follows a formal indorsement of an ordinary return, signed H. F. Penfield, but not verified by affidavit or otherwise authenticated.

Section sixty-five, of the Code of Practice, provides that a summons may be served " by any person appointed by the officer to whom the same is directed, by an indorsement on the summons, whose affidavit indorsed thereon shall be proof of the time and manner of the service."

This law is a departure from the former practice acts, wherein it confers upon the sheriff authority to cause an unofficial citizen to execute process of the court, and it cannot be presumed that the legislature ever intended that the service of a summons should be binding if the party who made such service was bound by neither oath nor bond for the correctness of his return. *McMillan and Wife v. Reynolds,* 11 Cal., 378; 6 How. (Miss.), 664; 1 S. & M., 595; 1 Scam. (Ill.), 127.

The formal part of the decree, as entered up by the clerk, recites that the defendant was legally served with notice, etc., but a recital of service was not a necessary part of the decree; the record made by the official indorsement of return upon the writ was the proper evidence of due service, and where it appears from such return, as in this case, that no sufficient service has been had, the court does not acquire jurisdiction of the person of the defendant. If counsel had directed the attention of the court to this fact, the return could have been

amended, if Penfield would have made affidavit to the truth of his return; without this, the appellees should not have asked, nor should the court have rendered, a decree against the appellant.

The decree of the Prairie circuit court must be reversed and the cause remanded; and the appellant, who is now in court, must be allowed to answer if he desires so to do.