## NEWTON, AS COLLECTOR, V. ASKEW.

Decided October 25, 1890.

1. *County court—Presumption of regularity.*

The county court is a superior court of record in the sense that, within the scope of the subject-matter over which it has jurisdiction, and in the absence of a showing to the contrary, it will be presumed to have acted upon facts sufficient to maintain its action.

2. *Exhibits to pleadings—Actions at law.*

In an action at law an exhibit to a complaint or answer, not the foundation of the action or defense, cannot be considered on demurrer.

3.　*County warrants—Order calling in—Recital of notice in judgment of county court.*

　　The recital in a judgment of the county court barring county warrants, which had been called in for examination and re-issue, that due notice of the order calling in such warrants had been given as required by law is conclusive evidence of such fact. [See *Boyd v. Roane,* 49 Ark., 397.—REP.]

APPEAL from *Ouachita* Circuit Court.

C. W. SMITH, Judge.

*H. G. Bunn* for appellant.

1. The record recites that *due notice* had been given. The demurrer admits all the allegations of the answer and the recitals of the order. The record reciting due notice is conclusive. Sec. 5201, Mansf. Dig.; 11 Ark., 519; 25 Ark., 60; 13 Bush, 544; 5 Otto, 748; 26 Am. Rep., 222; 49 Ark., 397. County courts are courts of superior jurisdiction. 38 Ark., 157. Calling in warrants is part of their constitutional jurisdiction. 25 Ark., 261; 33 Ark., 740; 13 Otto, 559.

*B. F. Askew pro se.*

No proper notice was given, nor was the proof of notice sufficient. Nor do the recitals in the record show the time, place and manner of service. It must appear affirmatively that defendant had actual or constructive notice. 1 Ark., 50; 2 Ark., 26. The right of the county court to declare county warrants barred is a statutory right, not given by common law, and every fact necessary to the exercise of its jurisdiction should affirmatively appear. 10 Fed. Rep., 891; 9 S. W. Rep., 309; 3 Ark., 537; 5 Ark., 409. Where there is a total want of jurisdiction the proceedings are a nullity, and may be attacked collaterally. 5 Ark., 524. No presumptions are indulged in favor of the legality of the proceedings. 48 Ark., 239.

HUGHES, J.   The question in this case arises upon a de-
murrer to the answer of appellant to the petition of appellee
for a writ of mandamus to compel appellant, as collector of
revenue in Ouachita county, to receive certain county war-
rants in payment of county taxes assessed against the prop-
erty of appellee, which warrants had been tendered by ap-
pellee in payment of said taxes, and refused·by appellant as
such collector.

Appellee in his answer pleaded the order and judgment
of the county court made at its April term, 1876, barring the
scrip involved in this suit, pursuant to the order and judgment
of said court before then made, that all such scrip, as should
not be presented for examination and re-issue or cancellation
before that time, should be forever barred, and averred in his
answer that notice of said order calling in the warrants, which
was made at the January term previous, was found by the
court to have been given as required by law and the previous
order of the court, and it was alleged in the answer that the
judgment of the county court recited that ''due notice of said
order had been given as required by law.''

The ground of the demurrer was that the answer did not
show that the proper notice to file the warrants for cancella-
tion and re-issue had been given. The proceedings and judg-
ment of the county court were exhibited with the answer.
The demurrer was sustained, and the case brought up by ap-
peal.

Were the allegations in the answer sufficient to constitute
a defense to the action?

1. County court
—Presumption of
regularity.
The county court has jurisdiction to call in county war-
rants for examination, cancellation and re-issue, and is ''a su-
perior court of record in the sense that, within the scope of the
subject-matter over which it has jurisdiction, and in the ab-
sence of a showing to the contrary, it will be presumed to have
acted upon facts sufficient to maintain its action.'' *Parsel
v. Barnes*, 25 Ark., 261; *Allen v. Bankston, collector*, 33

Ark., 740; *Ouachita Co. v. Wolcott*, 13 Otto, 559; *Pierce v. Edington*, 38 Ark., 157. There is nothing to show that the county court did not act upon facts sufficient to maintain its action.

An exhibit to a complaint or answer in a suit at law, not *2. Exhibits to pleadings— the foundation of the action or defense, cannot be considered Effect.* on demurrer. *Richardson v. Williams*, 37 Ark., 542; *Jacks v. Chaffin et al.*, 34 Ark., 534; *Abbott v. Rowan*, 33 Ark., 593; *Chamblee v. Stokes*, 33 Ark., 543.

In a suit in equity the rule is otherwise, and an exhibit to the complaint or answer is part of the record, and, if it is the foundation of the action or defense, it will explain and even control the averments in the complaint or answer. *Beavers v. Baucum*, 33 Ark., 722.

A judgment, order, sentence or decree made by any court *3. Presumption of notice in this State without notice is void, as also all proceedings from recital of record.* had thereunder, as provided in section 5201 of Mansfield's Digest. But "in all cases where it appears, from a recital in the records of any such court, that such notice has been given, it shall be evidence of such fact." Sec. 5202, Mansfield's Digest; *Coons v. Throckmorton*, 25 Ark., 60; *Cairo & Fulton R. R. Co. v. Parks*, 32 Ark., 131. The answer contained allegations sufficient to constitute a defense to the action; the demurrer admitted the facts to be as alleged in the answer, and the exhibits to the answer could not be considered to control its allegations. They were no part of the pleadings.

Reversed for error in sustaining demurrer to answer, and remanded.