WHITE v. SMITH.

Opinion delivered February 27, 1897.

APPEAL—PRESUMPTION AS TO FINDINGS.—The findings of a chancellor, made partly on oral evidence not reduced to writing nor preserved in the record, will be presumed on appeal to be correct.

PARTNERSHIP—FRAUD—RELIEF.—A secret agreement between a partner and one who sells a patent right to the partnership whereby land conveyed by his co-partners in payment of their shares of the purchase price was conveyed to him by the vendor without consideration, so as to give him an unfair advantage over his co-partners, is a fraud on their rights, and justifies a decree dissolving the partnership, setting aside the conveyance, and revesting title in the co-partners on condition that they pay their just proportion of the amount actually paid by him for the patent right.

SERVICE OF PROCESS—CONCLUSIVENESS OF RECITAL IN DECREE.—The statutory presumption in favor of the recital in a record of service of process (Sand. & H. Dig. § 4191) is not overcome by the fact that the record contains a copy of the summons without any return of service indorsed thereon. (BUNN, C. J., dissenting.)

Appeal from Pope Circuit Court in Chancery.

JEREMIAH G. WALLACE, Judge.

STATEMENT BY THE COURT.

The facts in this case are as follows: One G. W. Lake was the owner of a patent right to make, use, and vend a certain roof paint in the state of Texas and other states. The appellant, John W. White, and the appellees, R. H. Smith and C. P. Hall, formed a partnership for the purpose of purchasing said patent right. After the formation of this partnership, they purchased from Lake the right to make, use and vend this paint in Texas.

The consideration which they agreed to pay for this patent covering the state of Texas was three thousand dollars. White paid his portion of this consideration in

33

cash. Smith and Hall, for their part of the considera-
tion, conveyed to Lake a store house and lot in the town
of Russellville, valued at $2,000. Lake afterwards con-
veyed this store house to White for an alleged consider-
ation of $1,500. Smith and Hall suspected that White
had obtained an unfair advantage in the purchase of the
patent right, and brought this suit in equity, alleging
that they were induced to enter this partnership, and
purchase the patent right, through the fraud of defend-
ants White and Lake; that Lake and White colluded
together for that purpose, and that it was agreed
between them that White, for his services in inducing
Smith and Hall to enter the partnership and purchase
the property, should be allowed a secret advan-
tage. They alleged that White received for the one
thousand dollars paid by him not only a one-third
interest in the patent right, but also the store
house and lot conveyed by Smith and Hall to Lake.
White denied the allegation of fraud, and testified that
he paid the one thousand dollars in good faith for a one-
third interest in the patent right purchased, and, further,
that he executed his note for $1,500 as a consideration
for the purchase of the lot from Lake. It was stipulated
in this note for $1,500 that it was payable out of first
money received by White from his interest in the patent
right purchased. The circuit court found that the alle-
gations of the complaint were true; that the plaintiffs
were fraudulently induced by White and Lake to enter
the partnership, and transfer their town lot for a two-
thirds interest in the patent right, under the belief that
the price of the patent right was $3,000; that, in fact,
Lake secretly agreed with White to accept $1,000 in
full payment of the patent right; and that, for this sum
paid by White, Lake conveyed to him a one-third share
in the patent right, and also the house and lot which he
obtained from Smith and Hall. The circuit court found

in effect that the note for $1,500 given by White to Lake was only a blind, and not intended to be paid. The court therefore dissolved the partnership on account of the fraud of White and Lake, set aside the conveyance of the town lot, and revested the title in Smith and Hall, upon condition that they return to White two-thirds of the $1,000 paid for it and the patent. The court ordered the note for $1,500 cancelled, and the patent right sold, and proceeds divided between Smith, Hall and White. From this decree White appealed.

*Jeff Davis* for appellant.

The judgment against Lake was without any proof of service on or appearance by Lake. There is no proof of fraud, or of any secret advantage. 68 U. S. 648; 1 Wall. 518 to 531; 1 Lindley on Partn. star p. 313. So if appellant bought the property, and obtained an advantage, of course he will have to account for their share.

*R. B. Wilson* and *Dan B. Granger* for appellees.

Fraud is amply proved, and the decree should be affirmed, as oral testimony was heard, and it is not embodied in the bill of exceptions. 45 Ark. 240; 38 *id.* 477. The findings are correct, and the dissolving the firm for fraud and restoring appellees to their rights is in accord with the authorities. Collier on Partnership, 179, 180; 1 Lindley on Part. (Am. Ed.) 303; 2 *id.* 480–484; 10 B. Mon. (Ky.) 429; 127 Mass. 167; 17 Am. & Eng. Enc. Law, 1101. The record shows that Lake appeared. 49 Ark. 411. There was proof of service outside the second entry. But the recitals are sufficient. Sand. & H. Dig., sec. 4191; 49 Ark. 411.

RIDDICK, J., (after stating the facts.) We are of the opinion that the decree of the circuit court should be affirmed. The record shows that the case was heard partly on evidence taken orally at the bar of the court,

*Presumption on appeal where evidence is not brought up.*

and this oral evidence was not reduced to writing or preserved by bill of exceptions, and is not contained in the transcript upon which the case was submitted for decision here. The findings of the circuit court must be presumed to be correct until such presumption is overturned by an affirmative showing .to the contrary; and, in the absence of a portion of the evidence upon which the court based its findings, we must presume that those findings are correct. "This presumption prevails after decree rendered to the extent of curing every defect in the allegations of the pleading which, by reasonable intendment, may be considered as having been proved." *Hershy* v. *Baer*, 45 Ark. 240.

Relief from partner's fraud.

It can fairly be inferred from the pleadings in this case that White, having entered into a partnership with Smith and Hall for the purpose of buying a patent right, obtained, through collusion with Lake, the owner of the patent right, a secret advantage over his co-partners; that the $1,000 paid by White was the full consideration paid by him for the patent right and store house and lot; that the note for $1,500 was, by agreement with Lake, executed only as a blind, with the secret understanding that the same was not to be paid, and that this advantage was given to White by Lake for his influence in inducing his co-partners, Smith and Hall, to enter the partnership and purchase said patent right. An arrangement of this kind, by which one partner obtains an unfair advantage at the expense of his co-partners, is a fraud upon their rights, and would justify a decree such as was entered by the court in this case. *Howell* v. *Harvey*, 5 Ark. 270, S. C. 39 Am. Dec. 376; *Densmore Oil Co.* v. *Densmore*, 64 Pa. St. 43; 1 Bates, Partnership, § 304; 17 Am. & Eng. Enc. Law, 1101.

We can agree with counsel for appellant that, so far as the record shows, there is little evidence to support the finding and decree that the note executed by

White to Lake for $1,500 was without consideration and void; but we must presume that the oral evidence, not preserved in the record, was sufficient to support this finding also.

It is further said that there was no service of process upon defendant Lake, that he did not appear, and that the court was without jurisdiction to render a decree cancelling and declaring void the note for $1,500, owned by him. Lake was a necessary party, and if the court was without jurisdiction as to him, the decree should be reversed, for in such a case the effect of the decree would be to take property from White for the purchase of which he had executed his note, and yet leave him subject to a suit upon such note. But the decree of the circuit court recites that Lake, "being regularly served with process, failed to appear." This recital in the record that the defendant Lake was regularly served with process is, under our statute, even on appeal, *prima facie* evidence of that fact, and must be taken as true, unless there is something in the record to contradict it. Sand. & H. Dig., 4191; *Coons* v. *Throckmorton*, 26 Ark. 60.

There appears in the record a copy of a summons directed to the sheriff of Pope county, and commanding him to summon Geo. Lake, John W. White, Lalla White and F. N. Hopkins to answer a complaint in equity filed by plaintiffs. There is no return on this summons, but it is the fact of service of process, and not the return thereof, that gives the court jurisdiction over the person of a defendant. Works, Courts and Jurisdiction, p. 287, § 39. It may be that the summons was served, but the sheriff neglected to make a written return thereof, or it may be that an *alias* summons was issued and served, but not copied in the record. There were three other defendants included in the summons besides Lake, and each of them appeared and answered, and it is not denied

*Effect of recital of service of process.*

that they were served with process. On the contrary, the appellant testified that he and Lake were both served. We therefore conclude that the sheriff either failed to make a written return of the summons, or that, if made, such return was omitted from the record. This does not contradict, but tends rather to support, the recital in the record that Lake was served with process, and we must presume such recital to be correct, and that the court had jurisdiction of the defendant.

The judgment is therefore affirmed.

BUNN, C. J., being of opinion that the record affirmatively shows that Lake was not served, dissents from the opinion of the court.