LOVE *v.* KAUFMAN.

Opinion delivered February 27, 1904.

JUDGMENT—RECITAL OF SERVICE OF PROCESS—PRESUMPTION.—Under Sand. & H. Dig., § 4191, providing that where it appears from a recital in the records of any court that notice has been given, it shall be evidence of such fact, *held,* that where a decree recited that the defendants "were duly served with summons as required by law," and an indorsement on the complaint showed that a summons was issued, but neither the summons nor any return thereon is copied in the transcript, it will be presumed that defendants were duly summoned.

Appeal from Chicot Chancery Court.

MARCUS L. HAWKINS, Judge.

Affirmed.

*Baldy Vinson,* for appellants.

The court had no jurisdiction.   1 Ark. 376; 20 Ark. 12; 25 Ark. 270; 30 Ark. 435.   There was no service.   38 Ark. 435; 2 Ark. 14; 6 Ark. 451.   The execution sale was void.   Sand. & H. Dig. § 3095.

*Robinson & Beadle* and *P. C. Dooley,* for appellee.

The decree is binding on defendants until set aside.   49 Ark. 397; 7 Ind. 385; 1 Ind. 130; 11 Ark. 519; 55 Ark. 30.   This court will presume that the chancellor had satisfactory evidence before him.   10 Pet. (U. S.) 449.   The presumption is in favor of the regularity of the commissioner's report.   47 Ark. 226; 55 Ark. 307.

*Baldy Vinson,* for appellants in reply.

Judgments and decrees without notice are void.   Sand. & H. Dig. § 4190; 49 Ark. 417.   If the service is brought into question, the statute must be followed.   49 Ark. 413; 55 Ark. 30; 20 Ark. 12.

RIDDICK, J. This was an action brought in the chancery court of Chicot county by J. Kaufman against Henry and Mattie Love to foreclose a mortgage on land executed by them to him to secure the payment of certain promissory notes given by Henry Love to Kaufman, which are set out in the complaint. There was a judgment by default in favor of the plaintiff, from which judgment the defendants have appealed. The main contention made here is that the record does not show any service of summons upon the defendants, and that the court had no jurisdiction over the person of the defendants, and therefore no right to render the judgment. But the decree recites that the defendants "were duly served with summons herein as required by law," and under our statute this was even on appeal *prima facie* evidence of the fact, and must be taken as true, unless there is something in the record to contradict it or tending to show to the contrary. Sand. & H. Dig. § 4191; *White* v. *Smith,* 63 Ark. 513; *Coons* v. *Throckmorton,* 25 Ark. 60.

Now, while it is true that no summons has been copied in the record, and there is no return of the sheriff showing a service of summons upon defendants, yet the complaint has the following indorsement upon it: "Filed March 12, 1900, and writ issued. [Signed] Johnson Chapman, clerk." The record shows that on the 5th day of April following the court appointed a receiver to take charge of and rent the land covered by the mortgage. The order recites that "all parties concerned being present in court either in person or by attorney and consenting" to the order. There is nothing in this to contradict the recital in the record that the parties had been duly summoned as required by law. On the contrary, as it appears here that summons was issued by the clerk on the 12th day of March, and that afterwards on the 5th of April the parties appeared and consented to the appointment of a receiver, it tends to show that the defendants had notice of the action, and supports the recital in the record, for the summons and return are not copied in the transcript. Waiving, then, the question as to whether the appearance for the purpose of consenting to the appointment of a receiver was an appearance in the action, so as to dispense with service of summons, we think that, under the state of the record

we have here, the recital that the defendants were duly summoned must, under our statute, be taken as correct, for the record here is clearly incomplete. It shows that summons was issued, but, as before stated, neither the summons nor the return thereon is copied in the record, and we are therefore not able to say that the court erred in holding that the defendants were duly summoned, for it appears probably that the full record upon which the court acted is not before us. Sand. & H. Dig. § 4191; *White v. Smith*, 63·Ark. 513. See, also, *Turner* v. *Jenkins*, 79 Ill. 228; *Kahn* v. *Matthai*, 115 Cal. 689; *Riverside* v. *Stockton*, 124 Cal. 222; 3 Cyc., p. 282.

As to the law in the absence of such a statute, see 2 Cyc., p. 1034, and cases cited.

There may be some doubt as to whether the court did not allow more interest on the notes than was due, but, as this is a matter of computation only, we shall direct the clerk to make the computation and report the amount of interest due on the several notes at date of the decree, and if the judgment is excessive in that respect, plaintiff will be permitted to enter a remittitur.