### COLE *v.* SCHOONOVER.

### Opinion delivered March 1, 1915.

1. COUNTY WARRANTS—MAY BE CALLED IN FOR REGISTRATION, WHEN—COUNTY COURT.—Kirby's Digest, § 1175, authorizes the county court, where it deems it expedient, to call in the outstanding warrants of the county, in order to redeem, cancel, reissue or classify same, or for any legal purpose whatever, and the ascertainment of the actual financial condition of the county is a sufficient legal purpose within the meaning of the statute.

2. COUNTY WARRANTS—CALLING ORDER—FAILURE TO BRING IN.—Upon the failure of any holder of a county warrant to present the same, in obedience to a proper call therefor by order of the county court, under Kirby's Digest, § § 1175 and 1177, he is barred from the collection of the warrant thereafter, without any further declaration of that fact by judgment of said court.

Appeal from Randolph Circuit Court; *W. E. Beloate,* Special Judge; reversed.

STATEMENT BY THE COURT.

This is an application to compel the collector, by mandamus to accept in payment for taxes, certain county warrants which had been refused by him because they had not been presented and registered at the calling in of the warrants of the county by the county court.

On the 5th day of January, 1912, the county court of said county made and entered of record a judgment reciting: In the matter of calling in for registration the outstanding county warrants of Randolph County,

"It appearing to the court expedient, in order to ascertain the actual financial condition of Randolph County, that all the outstanding county warrants drawn on the county treasurer of said county, should be called in and registered as provided by section 1175 of Kirby's Digest, of the laws of Arkansas    *    *    *    It is therefore considered and adjudged that all persons owning or holding warrants issued between the 7th day of January, 1905 and the 5th day of January, 1912, including said dates and all outstanding county warrants registered and numbered under the order of the court, made at its January term, 1905, calling in the outstanding warrants of Randolph County issued prior to January 5, 1905, are hereby required to present the same to the county court at its regular July term, 1912, on or before 12 o'clock noon, of the 5th day of said July for the purpose of having the same registered and numbered."

It was further ordered that all legal warrants so presented should be endorsed on the back "registered and numbered" with the date thereof and signed by the clerk, who was required to keep a record of all warrants so presented and, "that all warrants or orders on the county treasurer of said county not presented and registered at said July, 1912, term of this court, as required in this order, hereinbefore set out, shall be forever barred, as provided by section 1177 of Kirby's Digest of the laws of Arkansas."

The clerk was directed to furnish the sheriff a certified copy of the order calling in the warrants, within the time prescribed by law, and the sheriff was directed to give due and legal notice as prescribed by law and make a full and complete report of his proceedings to the court, on or before the 1st day of the next July term.

The record also contains proof of publication of the notice and order in two newspapers, one in Randolph County and one in Lawrence County, with the certificate of the clerk showing he furnished the sheriff a true copy of the order in the time prescribed, and of the sheriff showing that the copies of the order had been duly posted

at the courthouse door and various election precincts in each township in Randolph County, in the manner prescribed by law, and published in the Pocahontas Star-Herald and Times-Dispatch, said newspapers being edited and printed in the State of Arkansas. This was all the testimony in the case.

The court held that the law did not authorize the calling in of the warrants for registration for the purpose of ascertaining the indebtedness of the county and that it required the county court to pass upon the sufficiency of the notice given and proceedings had under the original order, calling in the warrants and make a final judgment barring all warrants not presented and registered at the time designated therefor, and held the warrants were not barred and granted the mandamus requiring the collector to accept them in payment for taxes, and from this judgment he prosecutes an appeal.

*S. A. D. Eaton,* for appellant.

1. The court erred in holding that the statute is not broad enough to authorize the county court to call in outstanding warrants to register and number for the purpose of ascertaining the financial condition of the county. The statute authorizes the proceeding "for any lawful purpose whatever." Kirby's Dig., § 1175; 25 Ark. 265.

2. The court was also in error in holding as necessary an order or judgment of the county court adjudging to be debarred all warrants not presented within the time limited in the order calling in the warrants. They are debarred perforce of the statute. Kirby's Dig., § 1177; 37 Ark. 649-661.

*Witt & Schoonover,* for appellee.

1. The court's finding that the statute is not broad enough to authorize this proceeding is correct. The provisions of the statute must be strictly complied with, and they must be strictly construed.

2. The absence of an order of the county court barring the warrants not presented, and finding and adjudg-

ing that all necessary steps had been taken, vitiates the proceedings. 53 Ark. 476; 87 Ark. 406; 51 Ark. 34; 72 Ark. 394; 66 Ark. 180; 68 Ark. 561.

KIRBY, J., (after stating the facts). It is conceded that the warrants described in the complaint are barred and worthless if the judgment of the county court calling in the warrants for registration on the 5th day of July, 1912, is valid. Section 1175, Kirby's Digest, provides:

"Whenever the county court of any county may deem it expedient to call in the outstanding warrants of said county in order to redeem, cancel, reissue or classify the same, or for any lawful purpose whatever, it shall be the duty of said court to make an order for that purpose, fixing the time for the presentation of said warrants which shall be at least three months from the date of such order."

(1) This authorizes the county court when it deems it expedient, to call in the outstanding warrants, "In order to redeem, cancel, reissue or classify the same, or for any legal purpose whatever," and certainly the ascertaining of the actual financial condition of the county is such legal purpose within the meaning of the statute.

It is often necessary to determine the amount of outstanding county scrip that the court and the citizens of the county may be fully advised what amount of revenue is necessary to be raised, and in *Parcel* v. *Barnes & Bro.,* 25 Ark. 265, the court said: "The intention of the Legislature is too clear to admit of any doubt * * * and there can be no question but the Legislature intended to give the county courts such control over the warrants or scrip of the county as would enable them to take such action as would be most advantageous to the public, and fully intended that all county scrip issued thereafter should be subject to such conditions and restrictions."

It is next contended that there was no final judgment of the county court rendered, barring the warrants not presented for registration at the time the court order required they should be presented. Section 1177, Kirby's Digest, provides: "All persons who shall hold any

warrants of said county and neglect or refuse to present same as required by the order of the court and the notice aforesaid shall thereafter be forever debarred from deriving any benefits from their claims."

The court held the statute mandatory in *Cope* v. *Collins, Admr.,* 37 Ark. 649, and said, "If the calling order was made, and the notice given * * * the statute declares the consequence of a failure to present the warrants—that is, that the delinquent holders shall thereafter be forever debarred from deriving any benefits from their claims."

(2) Upon the failure of any holder of a county warrant to present the same in obedience to a proper call therefor by order of the county court, he is barred by the statute, from the collection of the warrant thereafter without any further declaration of that fact by judgment of said court.

In *C., R. I. & P. Ry. Co.* v. *Perry County,* 87 Ark. 406, the court said: "It has often been held by this court that the statute authorizing such proceedings must be strictly complied with and that all facts necessary to give the court jurisdiction must affirmatively appear in the record of the proceedings." *Gibney* v. *Crawford,* 51 Ark. 34; *Nevada Co.* v. *Williams,* 72 Ark. 394.

No presumption as to the existence of facts can be indulged in aid of the record nor on the other hand can any be indulged to defeat the validity of the proceedings.

In *Nevada Co.* v. *Williams,* 72 Ark. 397, the court said: "In special statutory proceedings of this kind, the recital of due notice must be read in connection with that part of the record which gives the official evidence prescribed by the statute. No presumption will be allowed that other or different evidence was produced, and if the evidence in the record will not justify the recital, it will be disregarded."

It will be seen from these decisions that the recital of due notice given in the judgment is not only not conclusive of that fact, but that no presumption will be indulged that other or different evidence was produced

showing such transaction, than that disclosed by the record and therefore another judgment or order of the county court after the warrants are called in and registered, reciting that due notice of the call therefor had been given would add nothing to the validity of such order or judgment, the fact being allowed to be questioned in any proceeding concerning the validity of such warrants thereafter.

The testimony in the record shows that due notice was given as required by law of the calling in of the warrants of the county and the judgment having already been made debarring all warrants that were not properly presented upon the day fixed therefor was sufficient to prevent the holders thereof from thereafter deriving any benefit therefrom.

The affidavits in proof of publication of the order were made by the editors of the papers in which it was published, and showed that one, the Times-Dispatch, was a weekly newspaper, having a *bona fide* circulation in Lawrence County, State of Arkansas, and that the order was published on certain days, the last insertion being on a date more than thirty days before the time fixed by the court for the presentation of the warrants; and the other, the Pocahontas Star-Herald, a newspaper published weekly in the town of Pocahontas, Randolph County, State of Arkansas, and having a *bona fide* circulation in said county and State and that the order was published for eight weeks in succession, the last date being more than thirty days before the time fixed for the presentation of the warrants.

Neither of the affidavits state that the papers were regularly published in the county for one month before the date of the first publication of the order, but this is no longer required and the proof of publication was sufficient.

It follows that these warrants not having been presented for registration at the time fixed by the order of the county court requiring it, are barred and no longer valid subsisting claims against the county, and the court

erred in not so finding. Its judgment is reversed and the cause remanded with directions to enter a judgment denying the mandamus.