AUSTIN-WESTERN ROAD MACHINERY COMPANY *v.* BLAIR.

4-3869

Opinion delivered May 13, 1935.

*W. F. Reeves* and *J. B. Ward*, for appellant.

*Mary Massey*, for appellee.

BUTLER, J. In March, 1926, a claim was presented to the county court of Searcy County by the Austin Western Road Machinery Company in the sum of $1,463.28. This claim was duly allowed and a warrant issued and delivered to the company. At the July term of the court, following, an order was made calling in the outstanding warrants for cancellation and reissue. The company presented its warrant which was reissued on October 18, 1926, as No. 91 for said sum. This warrant was never delivered to the company, but was suffered to remain in the office of the county clerk where it now is. Short-

ly before September 1, 1933, the company, by its attorney, W. F. Reeves, demanded the warrant from the appellee, the present county clerk, and delivery was refused. The company thereupon filed a petition for writ of mandamus, praying that the county clerk be directed to deliver said warrant to it. Searcy County filed an intervention resisting the petition.

On hearing of the case in the circuit court, the prayer of the petition was denied, from which action comes this appeal.

The testimony on behalf of appellant is to the effect that Mr. Reeves was elected clerk of the circuit court and assumed office January 1, 1927. He found several warrants which had been reissued on October 18, 1926, and not delivered. Included in these was warrant No. 91 issued to the appellant as aforesaid. A few days after he went into office, a representative of the appellant company called on him and demanded the warrant which was refused. Shortly afterward, the company's representative and Mr. Reece Caudle, called at the clerk's office, again demanding the warrant, and its delivery was again refused. At that time there was some discussion relative to the nature of the claim upon which the warrant was based, and as to the fund against which the allowance was made. Mr. Reeves, the clerk, at that time informed the representative of the company that the records in his office showed an indebtedness of the county to the company, but that he preferred that it bring suit against him and let the court settle what fund was liable for payment. Nothing further was done until the early spring of 1929 or 1930 when Mr. J. B. Ward, at the request of Mr. Caudle, went to the clerk's office and made inquiry respecting the warrant. His conversation was with a lady in the office. He was shown the warrant, but was informed that it was issued against the wrong fund. He requested its delivery to him for transmission to the company, but "didn't get it." No further action appears to have been taken until just before the filing of this suit when demand was made by Mr. Reeves on the present clerk for delivery of the warrant, which was refused.

On behalf of appellee, the records of the county court were introduced, one of which was the record of a judgment of the said court made on June 16, 1930, which is as follows: "Now on this day was taken up by the court the matter of the calling in for reissue of the county warrants of Searcy County, Arkansas, pursuant to an order made by this court on the 3rd day of March, 1930, the same being a regular day of the January, 1930, term of this court, and, the same coming on to be heard on this 16th day of June, 1930, the court finds that J. D. Treece, sheriff of Searcy County, Arkansas, notified all the holders of outstanding warrants to present the same for cancellation, classification and reissue, by posting copies of said order at the court house door and at each voting precinct in all the townships of Searcy County, for more than 30 days before the 16th day of June, 1930, the date set for filing said warrants, and also that said order was duly published in the Marshall Republican and Mountain Wave, two weekly newspapers, published in Marshall, Searcy County, Arkansas, and having a general and *bona fide* circulation in said county, for more than two consecutive insertions, the last insertion in said newspapers being more than 30 days before said 16th day of June, 1930, and that on and before said date there were presented and filed for classification, cancellation and reissue, the following outstanding warrants before said date, and which are hereby adjudged legal claims against said Searcy County, and the clerk is ordered to reissue same as follows:" (Here the warrants are listed and described, but warrant No. 91 for the sum of $1,463.28 is not included and not shown to have been filed with the clerk as above set out.)

The court below held that, since the warrant in question was not presented for reissue, it was barred by the order of the court above quoted.

The appellee contends that mandamus is not the proper remedy, and cites various authorities in support of his contention. We pass this question as an examination of the case upon its merits discloses that the judgment of the trial court was correct. On this phase of the case, the appellant contends that it was not pleaded

or proved at the trial that the preliminary order for calling in the county warrants in 1930 was ever made; that such an order was a necessary prerequisite to the judgment of June 16, 1930; that, as the proceeding calling in county warrants for cancellation and reissue is in derogation of the common law, it must affirmatively appear that the statute has been strictly complied with.

Sections 1994-5-6-7 of Crawford & Moses' Digest comprise the statute involved. In direct proceedings challenging an order of a county court made pursuant to the statute, *supra,* this court has held that there is no presumption in favor of the regularity of such proceedings, and that the statute must be strictly complied with, and all facts necessary to give the court jurisdiction must affirmatively appear as a record of the proceedings. *Cole* v. *Schoonover,* 117 Ark. 254, 174 S. W. 539, and cases cited; *Haltom* v. *Craighead County,* 129 Ark. 207, 195 S. W. 354. The case at bar, however, presents a collateral, and not a direct, attack upon the order of the county court, *supra,* in which case the recital of the judgment constitutes evidence of the facts mentioned therein, and, in the absence of a showing to the contrary, it will be presumed that the court acted upon facts sufficient to give it jurisdiction and to sustain its judgment. *Newton* v. *Askew,* 53 Ark. 476, 14 S. W. 670; *Cole* v. *Schoonover, supra.* The order challenged recites the preliminary order of the court made on March 3, 1930, calling in the county warrants, the service of notice in the manner required by law, and the warrants which were presented and filed for classification, cancellation and reissue. There was sufficient evidence therefore to sustain the order of June 16, 1930, on collateral attack. It is insisted that the order last mentioned was not introduced by appellee. This contention is based on the fact that the testimony fails to show that the order was read in open court. The evidence is to the effect that the clerk was requested to turn to a certain page of a particular record of the court and to read the order. He answered: "This order is dated June 16, 1930, calling in all county warrants," and, when asked whether or not the warrant involved (No. 91) was shown to have been filed, reissued and classified, he

answered in the negative. The appellant was present by attorney who had the opportunity to examine the record, and might have had the order read if he so desired. We are of the opinion that this was a sufficient introduction of the order.

Appellant next contends that the order applied only to such warrants as had been delivered to the parties to whom issued, because, until a warrant is delivered, it is not in the physical possession of the payee, and therefore cannot be presented by him for classification, cancellation or reissue. In the case of *Woodruff County* v. *Road Imp. Dist.*, 159 Ark. 374, 252 S. W. 930, the road improvement district owned a county warrant by reason of assignment of the judgment of allowance upon which it was based. Soon after allowance and issuance of the warrant on January 1, 1921, a new county judge was inducted into office, and he refused to allow the county clerk to deliver said warrant. At the April term of the county court, following, an order was made calling in the outstanding county warrants, and, on August 1, 1921, an order was made canceling the warrants belonging to the improvement district, and the court refused to reissue it. On the question of the presentation of the warrant, the court said: "It cannot be said that the warrants were not presented for reissuance. They were in the hands of the county clerk, and the county court directed him not to deliver them to the board of commissioners of Road Improvement District No. 14. On the face of each warrant is the following, written in pen and ink: 'Filed 7-30-21, by payee. Roy Mitchell, Clerk. Wrongfully issued without authority.' It would have been a vain and idle thing for the board of commissioners of the road improvement district to have formally demanded the reissuance of the warrants when the county court had directed the county clerk not to deliver the warrants to said board."

A different state of facts obtains in the instant case. It does not appear that the attention of the county judge was called to the existence of the warrant in question or to its retention in the clerk's office, and certainly no directions from him which would make it evident that the

claim, if presented, would be disallowed. For some reason only perfunctory demands were made for the delivery of the warrant, and there was no excuse for the failure of appellant to call to the attention of the court the existence of the warrant in the hands of the clerk of the court or to request that it be canceled and reissued.

It follows that the judgment of the trial court holding the warrant barred by the order of the county court of June 16, 1930, should be, and is, affirmed.