Doug ADAMS *v.* NATIONSBANK
*f/k/a* Boatmen's Bank of Northeast Arkansas
*f/k/a* Citizens Bank of Jonesboro

CA 00-1365                                    49 S.W.3d 164

Court of Appeals of Arkansas
Divisions IV and I
Opinion delivered July 5, 2001

*Larry J. Hartsfield*, for appellant.

*Lyons, Emerson & Cone, P.L.C.*, by: *Jim Lyons*, for appellees.

JOHN E. JENNINGS, Judge. In February 1988, Citizen's Bank of Jonesboro sued the appellant, Doug Adams, on a promissory note. In August 1988, the bank[1] obtained a default judgment against Adams for $13,500.00. In the early 1990's a series of garnishment actions were filed, and in 1992 the bank obtained an order directing one of the garnishees to pay it $1,100.00. Although served in each of the garnishment actions, Adams did not respond.

In June 1998, the bank filed a petition for a writ of *scire facias*. Adams was served but filed no response, and an order was entered reviving the judgment. In November 1999, Adams filed a motion to vacate the 1988 judgment on the grounds of insufficient service of process. The trial court denied the motion, and this appeal followed. We affirm the decision of the trial court.

Appellant argues that the original default judgment was void *ab initio* for lack of *in personam* jurisdiction. Arkansas Rule of Civil Procedure 4(d)(8)(A) provides:

> Service pursuant to this paragraph shall not be the basis for the entry of a default or judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee reciting or showing refusal of the process by the addressee. If delivery of mailed process is refused, the plaintiff or attorney making such service, promptly upon receipt of notice of such refusal, shall mail to the defendant by first class mail a copy of the summons and complaint and a notice that despite such refusal the case will proceed and that judgment by default may be rendered against him unless he appears to defend the suit. Any such default or judgment by default may be set aside pursuant to Rule 55(c) if the addressee demonstrates to the court that the return receipt was signed or delivery was refused by someone other than the addressee.

---

[1] NationsBank, the appellee here, is the successor in interest to the original creditor.

When the circuit clerk's file was examined during the proceedings on the motion to vacate the judgment, it contained the following affidavit signed by the appellee's attorney:

> That service was made upon the Defendant, Doug Adams, by certified mail, return receipt requested, refused and served by first class mail on April 26, 1988. That said first-class letter has not been returned by the Post Office. (Attached hereto as Exhibits "A" and "B" are the original Summons and first-class letter return receipt showing service upon the Defendant.)

The file also contained the following letter from appellee's attorney to the appellant:

> Please be advised that Citizen's Bank of Jonesboro has filed suit against you for the balance due them in the amount of Thirteen Thousand Forty Two and 98/100 Dollars ($13,042.98) paid at the rate of Three and 78/100 Dollars ($3.78) per day. Your refusal to accept the certified letter will not stop the proceedings that have been filed against you. You have twenty (20) days in which to answer the complaint of Citizen's Bank of Jonesboro or a Default Judgment may be entered against you for this debt. If you would like to discuss this matter, please call me at your earliest convenience. Thank you for your cooperation. Sincerely/s/.

The 1988 default judgment recited:

> That service of summons upon the Defendant has been made in the manner and method prescribed by the laws of the State of Arkansas; that the Complaint and summons were served upon the Defendant by restricted delivery mail, refused and served by first class mail personally more than twenty (20) days prior hereto and the Defendant has not answered this Complaint nor filed any pleading herein; that the Defendant is in default; and that this Court has personal jurisdiction over the parties hereto and the cause of action herein.

In its order denying appellant's motion to vacate judgment in 1999, the court found:

> Service of process was had by certified mail effected by counsel for the plaintiff, which service was evidenced by a copy of a letter in the file dated April 26, 1988, directed to Mr. Doug Adams, c/o Jonesboro Fitness Center, 2223 Conrad Drive, Jonesboro, Arkansas, 72401, with pleadings, as evidenced by the affidavit

of plaintiff's attorney, dated June 16, 1988, filed for record on June 16, 1988, which affidavit reflects service upon the defendant, Doug Adams, by certified mail, return receipt requested, "refused" and service of first class mail and recites that said first class letter has not been returned by the post office and referring to attached original summons, first class letter and return receipt, although no return receipt appears in the file.

Appellant contends that the absence from the clerk's file of a return receipt showing refusal by the addressee renders the default judgment void. Arkansas Code Annotated § 16-65-108 (1987) provides that all judgments rendered without notice, actual or constructive, "shall be absolutely null and void." Finally, appellant relies on *Pile et al. Ex Parte*, 9 Ark. 336 (1849), for the proposition that a judgment obtained without notice, being void, is not converted into a valid judgment by a subsequent writ of *scire facias*.

In the case at bar the required return receipt showing refusal of the certified letter, which is required by Rule 4(d)(8)(A) does not appear in the record. The question then is whether this absence renders the 1988 default judgment void or merely voidable.[2] We conclude that the trial court's determination that the judgment was not "void" was correct.

■■ The Arkansas Supreme Court has drawn a distinction between service and proof of service. In *Lyons v. Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990), the court said that failure to make proof of service does not affect the validity of service because proof of service may be made by means other than demonstration on the return of the serving official. In *Webster v. Daniel & Straus*, 47 Ark. 131, 142-43, 14 S.W. 550 (1886), the court observed:

> There is a very clear and obvious distinction between a total want of service of process and a defective service of process, as to their effect in judicial proceedings. In the one case the defendant has no notice at all of the suit or proceeding against him. The judgment or decree in such case, it is conceded is *coram non judice* and void, upon the principles of law and justice. In the other case, the defective service of process gives the defendant actual notice of the suit or proceeding against him, and the judgment or decree in such case,

---

[2] For a cogent criticism of this traditional distinction see the introductory note to Chapter 5, *Restatement (Second) of Judgments* at pages 143 and 144.

although erroneous, would be valid until reversed by a direct proceeding in an appellate jurisdiction, and its validity can not be collaterally called in question. And this view of the law is believed to be sustained by reason, principle and authority.

*See also, Raymond v. Raymond,* 343 Ark. 480, 36 S.W.3d 733 (2001) (drawing a distinction between insufficient service and a total lack of service).

██ In *Frazier v. Merrill,* 237 Ark. 242, 372 Ark. 264 (1963), the court held that:

[A] judgment of a court of general jurisdiction cannot be collaterally attacked, unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment which it did.

*Id.* at 245-46. *See also, Phillips v. Commonwealth Sav. & Loan Ass'n,* 308 Ark. 654, 826 S.W.2d 278 (1992); *Talkington v. Schmidt,* 219 Ark. 333, 242 S.W.2d 150 (1951); *Morgan v. Stocks,* 197 Ark. 368, 122 S.W.2d 953 (1938); *Winfrey v. People's Savings Bank,* 176 Ark. 941, 5 S.W.2d 360 (1928). When a judgment recites that the defendant was "duly served with summons herein as required by law," it must be taken as true unless there is something in the record to contradict it. *Kindrick, Curator v. Capps,* 196 Ark. 1169, 121 S.W.2d 515 (1938); *Austin-Western Rd. Machinery Co. v. Blair,* 190 Ark. 996, 82 S.W.2d 528 (1935); *Love v. Kaufman,* 72 Ark. 265, 80 S.W. 884 (1904).

██ An overly technical approach to problems such as the one in the case at bar is neither necessary nor advisable. As one commentator has said:

A judgment rendered without jurisdiction is "void" and has no effect as res judicata or otherwise. ... But a rule that avoids a solemn judgment whenever one of the parties chooses to attack it is a rule asking for trouble. A judgment ought to settle a dispute, and rights and titles derived from a judgment today ought not to be overturned twenty years from now. No society can be stable if judicially secured rights are not secure at all. Courts, having created the rule of voidness, recognized its defects.

Dan B. Dobbs, *The Validation of Void Judgments: The Bootstrap Principle*, 53 VA. L. REV. 1003 (1967). *See also, Knox v. Knox*, 25 Ark. App. 107, 753 S.W.2d 290 (1988). Public policy dictates that there be an end of litigation. *Baldwin v. Traveling Men's Ass'n*, 283 U.S. 522 (1930).

▇ In the case at bar, the defect complained of is one of proof of service as opposed to a lack of the notice required by the United States Constitution. *See Pennoyer v. Neff*, 95 U.S. 714 (1877). Clearly, the language of Rule 4(d)(8)(A) is mandatory and clearly the judgment against the appellant could have been set aside at some stage of the proceedings, but the defect complained of did not render the court's judgment absolutely void.

▇ Here, the trial court concluded that the objection raised by the appellant to the default judgment had been waived. Waiver is the voluntary relinquishment of a known right. *Smith v. Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993). The question of waiver is ordinarily one of fact for the trial court to decide. *Beal Bank v. Thornton*, 70 Ark. App. 336, 19 S.W.3d 48 (2000). Objections to the sufficiency of process can be waived. *See Southern Transit Co. v. Collums*, 333 Ark. 170, 996 S.W.2d 906 (1998). We hold that the trial court's decision that the objection had been waived is not clearly erroneous.

*Meeks v. Stevens*, 301 Ark. 464, 785 S.W.2d 18 (1990), is distinguishable. The holding in *Meeks* is that the trial court acquires no jurisdiction when the return of certified mail is marked "unclaimed" by the postal service. This is a problem of notice, not proof of notice. Beyond this, *Meeks* did not involve the passage of time and the intermittent reliance on the judgment present in the case at bar.[3]

Because we affirm the judgment of the trial court on the basis of waiver, we need not reach the question of estoppel. *See Wallace v. Hale*, 341 Ark. 898, 20 S.W.3d 392 (2000); *Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993); *Storey v. Brewer*, 232 Ark. 552, 339 S.W.2d 112 (1960); Restatement (Second) of Judgments § 66.

Affirmed.

---

[3] *See Restatement (Second) of Judgments § 74.*

STROUD, C.J., HART, and CRABTREE, JJ., agree.

BAKER and NEAL, JJ., dissent.

KAREN R. BAKER, Judge, dissenting. Alexander Hamilton rightly argued that "[t]o avoid an arbitrary discretion in the courts, it is indispensable that they should be bound down by strict rules and precedents, which serve to define and point out their duty in every particular case that comes before them...." *The Federalist* No. 78; *Willie Hutcherson v. State,* CA CR 00-645 (May 30, 2001) (J. Hart, concurring).

The majority opinion in this case departs from over 150 years of precedent established by the Arkansas Supreme Court. The majority relies upon the statement in the original judgment that proper service was effected. It further depends upon an affidavit filed in the original default-judgment action by the attorney for appellee containing the following language:

> That service was made upon the Defendant, Doug Adams, by certified mail, return receipt requested, refused and served by first class mail on April 26, 1988. That said first class letter has not been returned by the post office. (Attached hereto as Exhibits A and B are the original summons and first class letter return receipt showing service upon the Defendant.)

In support of their position, the majority states that "[w]hen a judgment recites that the defendant was 'duly served with summons herein as required by law,' it must be taken as true unless there is something in the record to contradict it." The record in this case contradicts the affidavit of the attorney and the finding that the summons was properly served.

A copy of the April 26, 1988, letter was file-marked by the circuit clerk on April 26, 1988. The attorney's affidavit was filed on June 16, 1988. The record contains no return receipt signed by the addressee or the agent of the addressee, no returned envelope, no postal document nor affidavit by a postal employee reciting or showing refusal of the process by the addressee.

Appellant did not answer the complaint nor make an entry of appearance in the proceeding. Subsequently, the trial court entered a default judgment on August 3, 1988. A series of garnishment attempts, one executed garnishment, and a writ of *scire facias* in 1998 followed. The appellant never appeared or answered any of those

actions. Then in 1999, following another garnishment attempt, appellant answered and through counsel asked the trial court to vacate the 1988 judgment asserting it was void *ab initio* for lack of in personam jurisdiction over appellant because no service was effected.

In its order denying appellant's 1999 motion to vacate, the trial court found that service was effected by counsel in the 1988 action as evidenced by the affidavit of appellee's attorney and that appellant had not demonstrated that delivery was refused by someone other than the addressee pursuant to Ark. R. Civ. P. 4(d)(8)(A). However, that finding was clearly erroneous as a matter of law. Rule 4(d)(8)(A), although allowing for service by mail with certain restrictions, specifically imposes an additional protection before a court may enter a default judgment against a defendant who has been served in accordance with this provision: "Service pursuant to this paragraph shall not be the basis for the entry of a default or judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee, or a returned envelope, postal document or affidavit by a postal employee reciting or showing refusal of the process by the addressee. . . ." Rule 4(d)(8)(A).

The Arkansas Supreme Court expounded upon the rule's requirement of refusal in *Meeks v. Stevens*, 301 Ark. 464, 785 S.W.2d 18 (1990). The court emphasized that refusal is not passive in character:

> With respect to Rule 4(d)(8)(A), the active nature of refusal is spelled out with care. The record must contain 'a return receipt *signed by the addressee* or the agent of the addressee, or a returned envelope, postal document or affidavit by a postal employee *reciting* or *showing refusal* of the process by the addressee.' Silence or inaction, which elsewhere in the law may be presumed to be token consent, is not, in this instance, equivalent to refusal.

*Id.* at 468, 785 S.W.2d at 20 (emphasis in original).

The *Meeks* court held that "unclaimed" mail returned by the postal department failed to fulfill the rule's requirement of "refusal" of the mailed notice before default may be entered. In reaching their decision, the court focused on the potential deprivation of substantial rights in a default judgment action and the necessity of satisfying due process requirements in that context:

> Though Rule 55 of the Arkansas Rules of Civil Procedure provides for entry of default judgment when a party fails to appear or otherwise defend, the courts have made it abundantly clear that defaults are not favored and this court has so stated. Because of its harsh and drastic nature which can result in the deprivation of substantial rights, a default judgment should only be granted when strictly authorized and when the party affected should clearly know he is subject to default if he does not act in a required manner.

Service of process or a waiver of that service is necessary in order to satisfy the due process requirements of the United States Constitution. Therefore, where sufficient notice of an action has not been given, and a default judgment has followed, a motion to set aside the judgment must be granted. *Id.* at 466-67, 785 S.W.2d at 19-20 (citations omitted).

No one disputes that the record in this case contains none of the evidence required by the rule. Statutory service requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact. *Cole v. First Nat'l Bank of Ft. Smith,* 304 Ark. 26, 800 S.W.2d 412 (1990) (citing *Wilburn v. Keenan Cos.,* 298 Ark. 461, 768 S.W.2d 531 (1989)). As the Arkansas Supreme Court emphasized in *Meeks,* this strict compliance is necessary to satisfy due process requirements. "It has long been established that when no sufficient service has been had, the court does not acquire jurisdiction of the person of the defendant." *Meeks* 1301 Ark. at 469, 785 S.W.2d at 21 (citing *Coffee v. Gates and Bro.,* 28 Ark. 43 (1872)).

Appellee's attempted service of process was defective. Even if appellant was aware of the 1988 proceeding, the Arkansas Supreme Court has "made it clear that actual knowledge of a proceeding does not validate defective service of process." *Green v. Yarbrough,* 299 Ark. 175, 771 S.W.2d 760 (1989); *Wilburn v. Keenan Companies, Inc.,* 298 Ark. 461, 768 S.W.2d 531 (1989); *Tucker v. Johnson,* 275 Ark. 61, 628 S.W.2d 281 (1982). Accordingly, the trial court erred in refusing to vacate the default judgment which had been entered based upon the defective service.

Because no notice sufficient to satisfy due process was obtained, the 1988 judgment was void. Void judgments have no legal effect. *Davis v. Office of Child Support Enforcement,* 322 Ark. 352, 357, 908 S.W.2d 649, 652 (1995) (citing *Rankin v. Schofield,* 81 Ark. 440, 98 S.W. 674 (1905)). They are worthless; no rights can be obtained from them and all proceedings founded upon them are

equally worthless. *Id.* Therefore, all subsequent orders, garnishments, attempts at revival, any and all actions flowing from the 1988 judgment are also void.

The majority holds that the trial court properly "concluded that the objection raised by the appellant to the default judgment had been waived." Appellant's objection was that the trial court had no jurisdiction to enter the default judgment. While I agree that it is possible for a party to waive the defense of personal jurisdiction, *see Arkansas Dep't of Human Servs. v. Farris*, 309 Ark. 575, 832 S.W.2d 482 (1992), I find no authority, and the majority cites none, for its proposition that personal jurisdiction is waived by a failure to appear in an action.

If anything, appellant preserved his defense by failing to appear. The majority cites *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001), to support its reasoning that the Arkansas Supreme Court would find that the facts of this case merely show a failure to prove service. Yet both the majority and the dissenting opinions in *Raymond* require that we hold the trial court lacked jurisdiction over the appellant and that the default judgment is void.

The *Raymond* majority explained it simply. Service of valid process is necessary to give a court jurisdiction over a defendant. *Id.* A summons is necessary to satisfy due process requirements. *Id.* Statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Id.* Proceedings conducted where the attempted service was invalid renders judgments arising therefrom *void ab initio*. *Id.* Even actual knowledge of a proceeding does not validate defective process. *Id.*

The dissent's reasoning in *Raymond* also supports that the case at bar be reversed. *Id.* at 489, 36 S.W.2d at 738 (Imber, J., dissenting). Rules 12(b)(5) and 12(h)(1) of the Rules of Civil Procedure clearly set forth the procedure for raising an insufficiency-of-service-of-process defense. *Id. (citing Sublett v. Hipps*, 330 Ark. 58, 63, 952 S.W.2d 140 (1997)). Where a defendant believes that the trial court lacks personal jurisdiction over him because of insufficient service of process, he *may take one of three actions to preserve that defense*: (1) he may file a motion to dismiss the complaint against him for failure to obtain service of process; (2) he may file a responsive pleading in which he asserts the defense of insufficient service; or (3) he *may simply choose not to appear* or to contest jurisdiction. *Id.* (emphasis added).

Therefore, the trial court's decision that appellant's objection had been waived is clearly erroneous as a matter of law.

The majority's reference to "the intermittent reliance on the judgment" has no effect on the trial court's lack of jurisdiction to enter a default judgment in this case. Even a writ of *scire facias* cannot breathe life into a void judgment:

> The legal effect of a judgment on a scire facias, where judgments remain without process or satisfaction, is to remove the presumption of payment arising from lapse of time. It adds nothing to the validity of the former judgment, but simply leaves it as it was when rendered. The scire facias is dependent for its legal existence upon a valid judgment; without it, the whole proceeding, by scire facias, is a nullity. It is, therefore, perfectly immaterial to the merits of this case whether the defendants appeared to the writ of scire facias or not.

*Pile et al.,* 9 Ark. 336, 4 Eng. 336 (1849).

Because the original default judgment is void due to lack of service, I would reverse and remand with instructions to vacate the 1988 judgment and all garnishments and orders entered pursuant to it.

NEAL, J., joins in this dissent.