George RENFRO (Wrenfro) *v.* AIR FLO COMPANY

CA 04-1217                                   208 S.W.3d 807

Court of Appeals of Arkansas
Opinion delivered May 18, 2005

*R. T. Starken*, for appellant.

*Don R. Brown*, for appellee.

OLLY NEAL, Judge. This appeal arises from the Sharp County Circuit Court's decision to lift a stay of levy and deny appellant's motion to quash a writ of execution. The procedural history is as follows. Appellant hired appellee Air Flo Company to spray an inch-and-a-half-thick insulation into a building. He refused to make payment after he claimed that appellee only sprayed three-quarters of an inch of insulation into the building. On August 5, 2002, appellee filed a complaint against appellant to collect on the debt. A default judgment was filed on January 22, 2003, and appellee obtained a writ of execution on January 9, 2004. Appellant was served with the writ of execution, and on January 30, 2004, appellant filed a motion to quash the writ of execution, motion for stay of levy and garnishment, and motion to dismiss. The trial court granted the stay and set a hearing for February 17, 2004.

At the hearing, appellant testified that he was not served with the complaint prior to receiving the writ of execution from the deputy sheriff. However, Bob Castleman testified that he served appellant with the original complaint on August 15, 2002. All parties stipulated that Castleman was neither a sheriff nor a deputy, but a process server. Castleman testified that he went to a pawn shop where he saw two men talking. Castleman testified that

he asked appellant whether he was Mr. George Renfro, to which appellant responded that he was. Subsequently, Castleman testified that, once he confirmed that the man was George Renfro, he laid the papers in front of the man and walked out. Castleman identified appellant as the man he served. He further testified that the notes he wrote on August 15, 2002, stated, "George Renfro, five foot seven, heavy weight, mustache and served at 1:40 p.m." Following the hearing, the court determined that appellant's motion should be denied and further found that service of process on appellant was proper and the judgment valid. This appeal followed.

For reversal, appellant contends that because service was done by someone other than a sheriff or deputy who failed to submit an affidavit concerning service, appellee failed to prove return of service under Ark. R. Civ. P. 4(g), and therefore, the summons was not properly served within the 120-day period, and the default judgment is void *ab initio*. We affirm.

Statutory service requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact. *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996). Arkansas law is well settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Vinson v. Ritter*, 86 Ark. App. 207, 167 S.W.3d 162 (2004) (citing *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003)). Rule 4(g) of the Arkansas Rules of Civil Procedure requires that an affidavit be provided if service is made by a person other than a sheriff or his deputy. However, failure to make proof of service does not affect the validity of service because proof of service may be made by means other than demonstration on the return of the serving official. *Lyons v. Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990); *Adams v. Nationsbank*, 74 Ark. App. 384, 49 S.W.3d 164 (2001).

In the instant case, although no affidavit was provided, the court allowed Castleman to testify as to the circumstances surrounding his service of the summons on appellant. The defect complained of here is one of proof of service as opposed to a lack of service, and this defect did not render the judgment void. *See Adams, supra* (where the required return receipt showing refusal of a certified letter did not appear in the record, the defect did not render the default judgment absolutely void). The defect was

cured by Castleman's testimony at the hearing that he served appellant with the complaint on August 15, 2002. *See Lyons, supra.*

Affirmed.

CRABTREE and ROAF, JJ., agree.