## Paul A. TEAGUE et al v. HOME MORTGAGE & INVESTMENT CO.

5-5497                                    465 S. W. 2d 312

Opinion delivered April 5, 1971

*Dan McCraw,* for appellants.

*Wood, Smith & Schnipper,* for appellee.

CARLETON HARRIS, Chief Justice. The question in this litigation is whether the Chancery Court of Garland County erred in quashing service of process. The O. R. C. Co., Inc.,[1] a Texas corporation, hereafter called O. R. C., was not authorized to do business in Arkansas, but operated a shopping center in Hot Springs. In July of 1963, O. R. C., according to a complaint subsequently filed against Home Mortgage & Investment Co., appellee herein, which company owned stock in O. R. C. (the

---

[1] Ordway Rutherford Company.

two companies subsequently merging),[2] was in the process of constructing a building, and during said construction removed and excavated considerable dirt from and around a building belonging to Paul A. Teague and wife, appellants herein. The complaint asserts that O. R. C. changed the drainage system located beneath its construction and beneath appellants' building, reducing the size of the opening in the southerly end of the system and thus causing the system to become inadequate to carry off water which might enter the drainage system during heavy rainfall. Such rainfall occurred during July and appellants contended that the basement of their building was flooded and damaged by the water, recovery of damages being sought in the amount of $20,000. Appellee appeared specially by a motion to quash service of process, asserting that it was a corporation organized and existing under the laws of the State of Texas, and that it was not then and never had been registered or authorized to do business in the state of Arkansas, and had never done any business or performed any character of work or service in this state. It was asserted that the service obtained on appellee under the provisions of Ark. Stat. Ann. § 27-340 (Repl. 1962), was insufficient to bring appellee within the jurisdiction of the Arkansas court, and it was prayed that service of process be quashed. On hearing, the chancellor on exchange held, "The sole act of ownership of Arkansas property does not require a nonresident corporation to qualify to do business in Arkansas, and, from the face of the pleadings, this is not involved". The motion to quash was sustained. From the order so entered, appellants bring this appeal.

In chronological order, we list the facts which we deem pertinent to a decision in this litigation.

The cause of action as alleged by the plaintiff occurred and arose in approximately July of 1963, at a time when there was an abnormally heavy railfall in Garland County, Arkansas.

---

[2]Home Mortgage & Investment Co. owned all of the stock at the time of the merger, but it is not clear for how long this had been true.

At that time, O. R. C. and Home Mortgage & Investment Co. were separate and distinct Texas corporations. In November of 1963, approximately four months after the alleged tort, O. R. C., by warranty deed and assignment lease, conveyed all of its interest in any property or lands located in Garland County, or in the state of Arkansas, to parties not presently involved in this litigation, Melvin W. Jackson and B. H. Castle.

On February 7, 1964, O. R. C. merged into Home Mortgage & Investment Co., appellee herein, pursuant to the laws of the state of Texas. Home Mortgate & Investment Co. acquired no assets whatsoever of O. R. C. as a result of the merger.

Home Mortgage & Investment Co. was the sole stockholder of O. R. C. at the time of the merger; the record does not reflect whether it was the sole stockholder in July of 1963, or only a stockholder.

On April 6, 1964, O. R. C. filed its statement of intent to dissolve the corporation upon the written consent of its stockholder, Home Mortgage & Investment Co., and on April 30, 1964, the Secretary of State of the State of Texas issued his Certificate of Dissolution.

Appellants instituted suit against Home Mortgage and Investment Co. on May 20, 1966, service being had on the Arkansas Secretary of State on May 23, 1966.

The contention of appellants is quite simple, it being their view that the legal entity known as "O. R. C. Co., Inc.", and the legal entity known as "Home Mortgage & Investment Co." are one and the same by virtue of the admitted merger.

Corporate existence is governed by the law of the state in which it (the corporation) is domiciled. In Leflar's American Conflicts Law, Chapter 26, "Corporations", we find "A corporation must under standard legal theory exist by the law of the place of its creation ordinarily referred to as its domicile, if it exists at all, and its legal capacity also is governed by that law".

Both appellee and O. R. C. were Texas Corporations and accordingly the merger of the two, and the dissolution of O. R. C., are governed by Texas law.

V. A. T. S. Bus. Corp. A.,[3] art. 5.06, provides in sub-section (1) that the several corporations parties to the plan of merger shall be a single corporation, which shall be that corporation designated in the merger plan as the surviving corporation. Sub-sections 3, 4, and 5 read as follows:

"(3) Such surviving or new corporation shall have all the rights, privileges, immunities, and powers and shall be subject to all the duties and liabilities of a corporation organized under this Act.

(4) Such surviving or new corporation shall thereupon and thereafter possess all the rights, privileges, immunities, and franchises, as well of a public as of a private nature, of each of the merging or consolidating corporations; and all property, real, personal, and mixed, and all debts due on whatever account, including subscriptions to shares, and all other choses in action, and all and every other interest, of or belonging to or due to each of the corporations so merged or consolidated, shall be taken and deemed to be transferred to and vested in such single corporation without further act or deed.

(5) Such surviving or new corporation shall thenceforth be responsible and liable for all liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place. Neither the rights of creditors nor any liens upon the property of any such corporations shall be impaired by such merger or consolidation."

As we read this statute, Home Mortgage & Invest-

---

[3]Vernon's Annotated Texas Statutes Business Corporation Act.

ment Co., upon merger with O. R. C., became entitled to all rights, privileges, choses in action, etc., of O. R. C., and on the other hand, following the merger, became responsible and liable for any claim existing or proceeding pending against O. R. C.[4] Let us look at the matter in this light. Suppose appellants had had their place of business in Mineral Wells, Texas, adjacent to a building being constructed by O. R. C., and the alleged damage had taken place there instead of Hot Springs, Arkansas. It seems clear under the Texas law herein cited, that appellants could have properly instituted their action against appellee corporation. If Texas law provides that the surviving corporation shall be responsible and liable for the obligations or claims of each of the corporations merged, the fact that this alleged tort occurred in Arkansas, would be of no moment. It appears clear that the term "thenceforth" in Sub-section (5) means that the surviving corporation shall be responsible for the obligations, including obligations prior to the merger, from the date of the merger.

The Texas Act is almost identical with the provisions of Smith-Hurd Ill. Ann. St. ch. 32, § 157.69. In the case of *Wanless* v. *Peabody Coal Co.*, 13 N. E. 2d 996, a coal company was engaged in digging and removing coal from under the premises of Wanless, this operation occurring from June 22, 1926, until May 1, 1928. At that time, six Illinois corporations, all coal companies, including the one already mentioned, merged, and continued operations in the same manner. Wanless instituted suit against the merged corporation, contend-

---

[4] It will also be noted in Sub-section (5) that the statute permits the prosecution of a claim against O. R. C., in complete disregard of the merger. This is made even more clear in Art. 7.12 where it is provided *inter alia* that the dissolution of a corporation by the issuance of a certificate of dissolution by the Secretary of State "shall not take away or impair any remedy available to or against such corporation, its officers, directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within three years after the date of such dissolution." It would thus appear, that since appellants instituted their action within three years of the date of dissolution, the suit could have been brought against O. R. C.

ing that his land had been damaged. Of course, there was a question whether the damage was caused by the original coal company doing the digging, or whether the damage was occasioned by the acts of the corporation which came into being by the merger of the several coal companies. In passing on this question, the court said:

"A statute in force in this state at the time of the merger or consolidation of these corporations provided: That all rights of creditors shall be preserved unimpaired, and all liabilities and duties of the respective corporations shall attach to such single corporation and may be enforced against it to the same extent as if such liabilities and duties had been incurred and contracted by it, and that any action pending against one of the corporations, merged or consolidated, may be prosecuted to judgment as if consolidation had not taken place, or the merged or consolidated corporation may be substituted in its place. Smith-Hurd Ill. Stats. c. 32, § 157.69; Callaghan's Ill. St. Ann. chap. 32, par. 71. Under the provisions of this statute, plaintiff could recover against Peabody Coal Company any damages sustained by reason of the negligent act of either of the respective merging corporations within the five years previous thereto."

As previously stated, the Texas statute and Illinois statute are substantially the same, and the quoted case is cited in an annotation to V. A. T. S., Section 5.06. It thus appears that Home Mortgage & Investment Co. is subject to suit for claims against O. R. C.

The validity of Section 27-340 (Act 347 of 1947) relating to service on nonresidents not qualified to do business under the laws of this state, but who nonetheless do transact business in the state, was upheld by this court in *Chapman Chemical Co.* v. *Taylor et al,* 215 Ark. 630, 222 S. W. 2d 820.

From what has been said, it appears that appellee corporation is as much amenable to service from the Arkansas Secretary of State as O. R. C.

Whether the Texas courts would enforce a judgment

obtained in Arkansas on the basis of this service is another question but it would certainly seem, under Texas law, that a judgment would be enforced as quickly against the appellee corporation as against O. R. C., and a refusal to do so would be based simply on the fact that no personal service was obtained, and this would be equally true of a judgment against either corporation.

From what has been said, it is apparent that we are of the view that the order of the Garland Chancery Court should be, and hereby is, reversed, and the cause is remanded to that court with directions to further proceed in a manner not inconsistent with this opinion.

It is so ordered.