Roger ISRAEL *v.*
Christopher D. OSKEY and Lisa Oskey

CA 05-8                                                    212 S.W.3d 45

Court of Appeals of Arkansas
Opinion delivered September 7, 2005

*Taylor Law Firm*, by: *Timothy J. Myers*; and *Roy, Lambert & Lovelace*, by: *James M. Roy, Jr.* and *James H. Bingaman*, for appellant.

*The Nixon Law Firm*, by: *Theresa L. Pockrus*, for appellees.

JOHN B. ROBBINS, Judge. Appellant Roger Israel appeals the entry of default judgment against him in a negligence action filed by appellees Christopher and Lisa Oskey in Washington County Circuit Court. In the complaint filed on April 7, 2004, Christopher alleged that he suffered personal injuries after he fell from a ladder while performing construction work on appellant's personal residence. A process server provided the summons and complaint to appellant at his residence on April 19, 2004. Though the circumstances of delivery were in dispute, both the process server and appellant agreed that hand-delivery of documents took place that day. The process server testified that she went to the door, appellant answered and affirmed his identity to her, she informed him that she was serving him with a summons and complaint, he said, "okay," and he shut the door. Appellant recalled the process server driving to his residence, he saw her car and ran to it, and he accepted what he thought was mail from her through the window of her car. Appellant did not know what happened to the documents after he accepted them, though he thought he put them in his back pocket, that he never looked at them, and that they were somehow lost. The process server filed proof of service with the circuit court on the following day, April 20, 2004, by filling in the return form on the summons that

was for use when service was made by the sheriff or sheriff's deputy. The process server did not complete an affidavit of service.

After the time for filing an answer elapsed, appellees filed a motion for a default judgment on May 25, 2004. Appellant filed an answer on August 18, 2004. On August 20, 2004, appellant moved to enlarge the time within which to answer, responded to the motion for default, and moved to dismiss appellees' complaint. Appellees responded by filing a motion to strike appellant's answer on September 20, 2004. Appellant followed this with a motion to strike appellees' motion to strike his answer on October 1, 2004. The hearing on the respective requests was conducted on October 1, 2004. The trial court entered the order on appeal on November 4, 2004.

The order granted appellees' motions for a default judgment and to strike appellant's answer. In this same order, the trial court denied appellant's motion to dismiss the complaint and appellant's motion to strike the request to strike his answer. The order did not dispose of the motion to enlarge the time within which to answer the complaint. The letter opinion, incorporated into the order, stated that default judgment was granted on the issue of liability, but that appellant was entitled to a trial on the remaining issue of damages. The trial court found that there was valid service by a duly-qualified process server on April 19; that the process server erroneously used the sheriff's return instead of providing an affidavit of service on April 20; that this error did not invalidate service; that appellant admitted receipt of the documents; that there was neglect in failing to answer the complaint, but not excusable neglect; that the trial court sent two letters to appellant, dated July 9 and August 4, setting the matter for trial on October 1; and that appellant's filing of an answer on August 18 demonstrated his failure to take any of the documents seriously. Appellant filed a timely notice of appeal from the trial court's order.

On appeal, appellant argues that the trial court erred in entering a default judgment because (1) the service requirements were not strictly followed, (2) the proof of service was defective, (3) appellant demonstrated excusable neglect in failing to file a timely answer, and (4) appellant was entitled to an extension of time. Appellant also argues that the trial court erred in granting appellees' motion to strike his answer. After our appellate review of all issues, we affirm the trial court's decision in all respects.

We first note that as to the default judgment, appellees contend that we do not have a final order for purposes of appeal.

The issue of jurisdiction is one that we are duty-bound to raise, even if it is not raised by the parties. *See, e.g., Hyatt v. City of Bentonville*, 275 Ark. 210, 628 S.W.2d 326 (1982). Appellees correctly state the general rule that a judgment or order is not final and appealable if the issue of damages remains to be decided. *See U.S. Bank, N.A. v. Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003); *String v. Kazi*, 312 Ark. 6, 846 S.W.2d 649 (1993); *John Cheeseman Trucking, Inc. v. Dougan*, 305 Ark. 49, 805 S.W.2d 69 (1991); *Sevenprop Assoc. v. Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988). In *Sevenprop*, our supreme court held that, in an appeal from a default judgment on liability, where there was failure to file a timely answer and the issue of damages was not yet resolved, the appeal had to be dismissed.

Nevertheless, we conclude that we have appellate jurisdiction of the present appeal because there is a single distinguishing factor — appellant's answer was struck. Under those circumstances, the Arkansas Supreme Court has held that the appeal is proper. *See Arnold Fireworks Display, Inc. v. Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991). In *Arnold Fireworks*, the supreme court held that Arkansas Rule of Appellate Procedure–Civil 2(a)(4) provides that an appeal may be taken from an order that strikes all or part of an answer. Our supreme court declared that this specific provision in Ark. R. App. P.–Civ. 2(a)(4) controlled over the more general rule of Ark. R. App. P.–Civ. 2(a)(1), which requires a "final judgment." The supreme court held that appellate rule 2(a)(4) permitted a "piecemeal approach." *Id.* at 319. Therefore, we have appellate jurisdiction over the striking of the answer, which permits review of the entry of default judgment.[1]

We now address appellant's arguments on appeal in the order presented by him. The thrust of his appeal is directed toward whether the trial court erred in entering default judgment. When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Rules of Civil Procedure, a default judgment may be entered against

---

[1] Although appellate Rule 2(a)(4) speaks only to an appeal from "an order which strikes out an answer, or any part of an answer, or any pleading in an action," the supreme court has relied on this jurisdictional base to review the related default judgment. *See Southern Transit Co., Inc. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998); *Arnold Fireworks Display v. Schmidt, supra.*

him. *See* Ark. R. Civ. P. 55(a). Default judgments are not favorites of the law and should be avoided when possible. *B & F Engineering v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). A default judgment may be a harsh and drastic result affecting the substantial rights of the parties. *CMS Jonesboro Rehabilitation, Inc. v. Lamb*, 306 Ark. 216, 812 S.W.2d 472 (1991); *Burns v. Madden*, 271 Ark. 572, 609 S.W.2d 55 (1980). Pursuant to Rule 55(c) of the Arkansas Rules of Civil Procedure, a default judgment may be set aside for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. In cases where the appellant claims that the default judgment is void, we review a trial court's decision using a de novo standard. *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004). In cases where an issue arises under sections (c)(1), (3), or (4) of Rule 55, we review the trial court's decision for abuse of discretion. *Id.*

██ Appellant first contends that default judgment was improper because he was not properly served with the summons and complaint. Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001) (citing *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982)). Statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Id.*; *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996) (citing *Wilburn v. Keenan Companies, Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989) and *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978)). The same reasoning applies to service requirements imposed by court rules. *Carruth v. Design Interiors, Inc., supra*; *Wilburn v. Keenan Companies, Inc., supra*.

We hold that the trial court did not err in finding that there was valid service in this instance. Appellant agreed that he was handed some documents from a female who had driven to his residence that day. Appellant disagreed that he accepted them at the door; instead, he said he met her at the window of her car, thinking she was a mail carrier delivering regular mail. There was no dispute that the summons and complaint specifically and correctly notified appellant of all he was required to be provided under Arkansas law, and in particular Arkansas Rule of Civil Procedure 4. Appellant contends that his belief that the process

server was actually a mail carrier and that she did not inform him what she was handing him invalidates the completed service. We disagree that appellant was not properly served.

■ By both appellant's and the process server's testimony, appellant received documents from the process server at his residence on April 19. He simply neglected to read the documents. The summons is a process used to apprise a defendant that a suit is pending against him and afford him an opportunity to be heard. *See Nucor, supra.* Appellant's contention that he was mistaken in his belief that he was being handed regular mail does nothing to erode the admitted fact that appellant received hand-delivery of service. *See Miller v. Transamerica Commercial Finance Corp.*, 74 Ark. App. 237, 47 S.W.3d 288 (2001) (holding that evidence was sufficient to prove service of summons and complaint despite appellant not recalling being served at all, where deputy's unequivocal testimony was that he recalled serving the pleadings at a specific time and date, even though he stated on cross-examination that he had served so many times that he could not identify each and every instance). We affirm this point.

Appellant also contends that service was defective because the process server provided her proof of service by incorrectly filling in the form printed on the summons, which is provided for use by the sheriff or his deputies when serving summons and complaints. The form read as follows, with the handwritten insertions of the process server set out in italics:

> On this *19* day of April 2004 I have duly served the within writ, by delivering a copy and stating the substance thereof to the within named *Roger Israel in person at 5857 New Hope Rd. Springdale, AR.*
>
> Sheriff's costs $_____        _____
>                                                Sheriff
>
>                                _____
>                                D.S. [deputy sheriff]
>                                *Sheri R. Brooks*
>                                *WPS 00-7*

Appellant directs us to Ark. R. Civ. P. 4(g), which states in pertinent part that:

> If service is made by a sheriff or his deputy, proof may be made by executing a certificate of service or return contained in the same

document as the summons. If service is made by a person other than a sheriff or his deputy, the person shall make affidavit thereof[.]

The trial court found that the process server had not complied with Rule 4(g) by her failure to provide an affidavit to prove her service of summons. Notwithstanding that mistake, the trial court found that this omission did not affect the validity of service. The trial court was correct.

■ There is a distinction between service and proof of service. *See Adams v. Nationsbank*, 74 Ark. App. 384, 49 S.W.3d 164 (2001). Failure to make proof of service does not affect the validity of service, because proof of service may be made by means other than demonstration on the return of the serving official. *Lyons v. Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990). We affirm this point and hold that valid service was provided to appellant to notify him of the summons and complaint, and that the erroneous manner of proving service did not invalidate service.

Appellant's next argument concerns whether the trial court abused its discretion in granting a default judgment. Appellant's argument has essentially two facets: (1) that he was unfairly allowed to harbor the false notion that the documents handed to him were regular mail and that this constitutes misconduct on the serving party excusing his failure to answer in a timely fashion, and (2) that his failure to answer on time was excusable neglect for his failure to understand the gravity of what had been handed him. We disagree with both of those arguments.

■ We have already disposed of the service-of-process argument. Furthermore, appellant presents no compelling argument or any legal authority requiring a verbal warning of what is being served. Assignments of error that are unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that they are well taken. *Webb v. Bouton*, 350 Ark. 254, 85 S.W.3d 885 (2002).

■ We also disagree that failure to answer within the time allotted under the Rules of Civil Procedure was a product of excusable neglect. Indeed, the trial court found that appellant had failed to answer due to neglect, but not "excusable" neglect. We cannot say that this finding is clearly erroneous or that the trial court abused its discretion in entering a default judgment under

these circumstances. Failure to attend to business is not excusable neglect. *Maple Leaf Canvas, Inc. v. Rogers*, 311 Ark. 171, 842 S.W.2d 22 (1992); *CMS Jonesboro Rehabilitation, Inc. v. Lamb, supra.*

Appellant adds to this argument by stating that no prejudice resulted to the appellees and that he has a meritorious defense. It must be remembered, however, that appellant must first satisfy the court that a threshold reason exists for denying default judgment. *See Maple Leaf, supra.* Like in *Maple Leaf* and in *CMS, supra,* the failure to answer the complaint was due more to carelessness or not attending to business.

The case of *Nucor, supra,* is instructive. In that case, a high-level employee of Nucor received a summons and complaint. Though the employee was undoubtedly extremely busy at the time he received the suit papers, he did nothing, and the trial court found that his being "too busy" was not excusable neglect. The justices in the *Nucor* appeal affirmed that discretionary decision. The *Nucor* decision referred back to *Layman v. Bone*, 333 Ark. 121, 967 S.W.2d 561 (1998), where it was held that:

> Presumably, any failure to file an answer on time could be referred to as a "mistake" in the sense that an error of some sort caused the failure to file on time. To hold, however, that any error whatsoever should excuse compliance with Rule 12(a) would deprive the trial courts of the discretion to which the rule refers. That is not the intent behind the rule.

*Layman*, 333 Ark. at 125, 967 S.W.2d at 563-564.

In the present appeal, appellant testified that he was a business man who was familiar with court processes. Despite his experience and intellect, appellant failed to tend to this business and did nothing until after being informed by letter that a trial on damages was pending. We cannot say that the trial court's conclusion, that this did not rise to excusable neglect, was clearly erroneous. As a result, we hold that its discretion was not abused in entering a default judgment. *Compare to Hubbard v. The Shores Group, Inc.*, 313 Ark. 498, 855 S.W.2d 924 (1993) (upholding trial court's discretionary decision setting aside default judgment under compelling facts supporting a finding of excusable neglect).

Appellant next contends that the trial court erred in granting a default judgment because he was entitled to an extension of time within which to file an answer pursuant to Ark. R. Civ. P. 6.

Arkansas Rule of Civil Procedure 6(b) provides that upon motion made after the expiration of the specified period, a trial court has discretion to permit the act to be done where the failure to act was the result of mistake, inadvertence, surprise, excusable neglect, or other just cause. Appellant contends that the trial court abused its discretion in denying his motion to enlarge the time within which to file his answer.

We do not address this issue on appeal because appellant bore the burden to obtain a ruling on the Rule 6 argument. His failure to do so is a procedural bar to our consideration of the issue on appeal. *See Kangas v. Neely*, 346 Ark. 334, 57 S.W.3d 694 (2001); *Barker v. Clark*, 343 Ark. 8, 33 S.W.3d 476 (2000); *St. Paul Fire & Marine Ins. Co. v. First Bank of Ark.*, 341 Ark. 851, 20 S.W.3d 372 (2000).

Even had we reached the merits, we would not hold that the trial court abused its discretion in not extending the time to answer because, like the entry of default judgment, there was no finding of excusable neglect. Rule 6(b)(2) was amended in 1990 to make it compatible with the move to liberalize Rule 55 and the standards for granting default judgments. *See Layman v. Bone, supra.* It allows a trial court, "in its discretion," to enlarge the time to answer, even after the initial period has passed. *See id.* However, the revision of the rule did not require the trial courts to permit such answers in any circumstance. *See id.*

Appellant's final contention on appeal is that the trial court erred in striking his answer filed on August 18, 2004. He notes that the trial court specifically stated that he had made a prima facie showing of a meritorious defense to the complaint, and furthermore, the issue of damages was remaining for trial. Thus, he asserts that striking his belated answer prevents him from maintaining his defenses raised in the answer. We disagree.

A trial court's decision regarding the striking of a pleading will not be reversed in the absence of an abuse of discretion. *See Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002). Arkansas Rule of Civil Procedure 12(f) provides that a trial court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *See also* Newbern, *Arkansas Civil Practice and Procedure* § 11-12. Clearly, the belated answer was untimely to rebut the factual allegations in the complaint upon default regarding liability,

and therefore the factual responses were immaterial under Rule 12(f). Appellant correctly states that the issue of damages remains outstanding for trial. The harm levied against appellant in striking his answer was the entry of default judgment. The defenses raised in his answer related primarily to the issue of service of process, which has heretofore been resolved in the propriety of entering default judgment. Appellant remains free to counter any proof of damages, which must be proved by appellees at trial. Thus, we cannot say that the trial court abused its discretion in striking the untimely answer filed by appellant.

We affirm.

PITTMAN, C.J., and VAUGHT, J., agree.