Cite as 2022 Ark. App. 219

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-21-604

| | | |
|---|---|---|
| RANDY MITCHELL | | Opinion Delivered May 11, 2022 |
| | APPELLANT | APPEAL FROM THE SHARP COUNTY CIRCUIT COURT [NO. 68CR-19-70] |
| V. | | |
| | | HONORABLE ROB RATTON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED WITHOUT PREJUDICE |

**KENNETH S. HIXSON, Judge**

Appellant Randy Mitchell brings this interlocutory appeal after the Sharp County Circuit Court denied his motion for declaratory judgment in his criminal case. On appeal, appellant contends that the circuit court erred in denying his motion for declaratory judgment because there was substantial evidence to support the motion. We dismiss this appeal without prejudice for lack of jurisdiction.

I. *Relevant Facts*

Appellant was charged by amended criminal information with terroristic threatening in violation of Arkansas Code Annotated section 5-13-301 (Repl. 2013), a Class D felony; violating of an order of protection in violation of Arkansas Code Annotated section 5-53-134 (Repl. 2016), a Class A misdemeanor; and intimidating a witness in violation of

Arkansas Code Annotated section 5-53-109 (Repl. 2016), a Class C felony. The State further sought an enhanced sentence under the habitual-offender statute, Arkansas Code Annotated section 5-4-501(a) (Supp. 2021). This interlocutory appeal concerns only the second charge—violating an order of protection—in which the State alleged the following:

> The said defendant in the 11th District of SHARP County, did unlawfully and feloniously on or about April 17, 2019 commits the offense of violation of an order of protection if a circuit court or other court with competent jurisdiction has issued a temporary order of protection or an order of protection against him or her pursuant to the Domestic Abuse Act of 1991, § 9-15-101 et seq.; He or she has received actual notice or notice pursuant to the Arkansas Rules of Civil Procedure of a temporary order of protection or an order of protection pursuant to the Domestic Abuse Act of 1991, § 9-15-101 et seq.

On May 17, 2021, appellant filed a motion styled "Motion for Declaratory Judgment." In this motion, he alleged that the purported service of the underlying order of protection he was alleged to have violated was invalid because it is unsigned by the server, it is not signed under penalty of perjury, the server did not declare it to be true and correct at the time of filing, and the filed proof of service is defective and in invalid on its face. In his brief in support, appellant alleged that he is entitled to a declaratory judgment under Arkansas Code Annotated section 16-111-101 (Repl. 2016) and *Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002). Therefore, appellant requested "a declaratory judgment that the proof of service filed in this case regarding the order of protection is defective, and it should be excluded from evidence." A hearing on this motion and other pretrial matters was held on June 15, 2021.

At the hearing, the State asserted that all the motions were premature and were evidentiary matters that should be raised at trial. However, the circuit court agreed to hear testimony on the matter. Appellant testified that he lived at a different address than what is listed as the address where he was allegedly served with notice of the order of protection. Appellant acknowledged that he knew that he was accused of violating an order of protection; however, he testified that he had not seen a copy of the order of protection. A one-page document was admitted into evidence that included two sections labeled proof of service and declaration of server. The proof-of-service section was completely filled out and stated that appellant was served in person on November 6, 2018, at 5:30 p.m. at an address in Williford, Arkansas. Deputy Marc Boyd's name was printed on the line that requested the printed name of the server. However, the signature line in the declaration-of-the-server section, where the server was to sign that he or she "declare[s], under penalty of perjury under the laws of the State of Arkansas that the foregoing information contained in the proof of service is true and correct," was left blank. Appellant finally testified that he does not know Deputy Boyd and disputed that he had been served with an order of protection by him.

Deputy Boyd testified that he remembered serving appellant with the order of protection and acknowledged that it is his handwriting on the proof-of-service document admitted in evidence. Deputy Boyd admitted that the signature line in the declaration-of-server section was left blank. He explained that there could have been a hundred reasons as to why he forgot to sign the declaration, including that he could have received a call on the radio while he was completing the form. However, Deputy Boyd stated under oath and

3

under the penalties of perjury that he, in fact, had served appellant with the order of protection.

Chelsea Strother testified that she is the niece of Robin Mitchell, the complaining party in the order of protection. According to Ms. Strother, appellant had communicated with her and asked her to discuss matters with Ms. Mitchell on his behalf. Ms. Strother testified that in the messages from appellant, "he even mention[ed] dismissing charges, dismissing matters not only related to the divorce but with the order of protection."

Appellant's counsel orally argued at the hearing that appellant could not have violated an order of protection for which he was not properly served notice. Counsel further argued that the service here was not completed in accordance with the Arkansas Rules of Civil Procedure. He claimed that Arkansas Code Annotated section 5-53-134 required an order of protection to be served in accordance with Rule 5 of the Arkansas Rules of Civil Procedure in order for appellant to be found in violation of the order of protection. He stated that "because that's not been done here it's an invalid document. And that's what I would like to have the Court to declare." The State acknowledged that the declaration portion was not filled out by the server; however, it contended that a motion for declaratory judgment was not proper in a criminal case and, alternatively, that appellant had actual service in this case as testified under oath by Deputy Boyd. The circuit court took the matter under advisement and allowed the parties to submit any additional caselaw to the court before it made its ruling.

4

In his posthearing brief, appellant asserted that motions for declaratory judgment are proper in criminal cases as well as civil cases under the supreme court's holding in *Jegley*, *supra*. Appellant reiterated that because the proof of service is defective on its face, he is entitled to a declaratory judgment and that the circuit court "should rule on the motion to establish the clear facts regarding the proof of service of the violation of protection order at the center of this case." Appellant additionally attempted to distinguish the State's reliance on *Israel v. Oskey*, 92 Ark. App. 192, 212 S.W.3d 45 (2005), in which the supreme court affirmed a circuit court's entry of default judgment in a civil negligence action after finding that there was valid service. In *Israel*, the server had failed to provide an affidavit to prove her service of a summons as required by Arkansas Rule of Civil Procedure 4. The supreme court explained that there is a distinction between service and proof of service and that "[f]ailure to make proof of service does not affect the validity of service, because proof of service may be made by means other than demonstration on the return of the serving official." *Israel*, 92 Ark. App. at 201, 212 S.W.3d at 51. Appellant argued that *Israel* is distinguishable from the case at bar because Israel had admitted that he received service, whereas in this case, appellant did not. Therefore, he argued that Rule 4 does not apply because "the server [here] did make proof of service" but instead the proof was "made without compliance."

On July 28, 2021, the circuit court filed an order denying appellant's motion for declaratory judgment. This interlocutory appeal followed.

II. *Jurisdiction*

5

Before addressing the merits of appellant's arguments, we must first determine whether we have jurisdiction of this interlocutory appeal. Appellant claims we have jurisdiction in this interlocutory appeal pursuant to Rule 2(a) of the "Arkansas Rules of Appellate Procedure." However, appellant's argument with citation to the Arkansas Rules of Appellate Procedure is without merit because the supreme court divided the appellate-procedure rules between civil and criminal cases effective on January 1, 1996. *See In re Revised Rules of App. Proc.*, 321 Ark. 663, 900 S.W.2d 560 (1995) (per curiam). Even though appellant claims that his motion styled "Motion for Declaratory Judgment" was filed pursuant to Arkansas Code Annotated section 16-111-101, our appellate courts "have consistently held that courts should not be guided blindly by titles but should look to the substance of motions to ascertain what they seek." *Mhoon v. State*, 369 Ark. 134, 137, 251 S.W.3d 244, 247 (2007). Here, regardless of how appellant styled or titled his motion, this is a criminal case, and the Arkansas Rules of Appellate Procedure–Criminal must govern this appeal.

A defendant does not have any general right to an interlocutory appeal in criminal cases. *Butler v. State*, 311 Ark. 334, 842 S.W.2d 435 (1992). In fact, Rule 2 of the Arkansas Rules of Appellate Procedure–Criminal does not even address interlocutory appeals. *See Shaver v. State*, 2018 Ark. App. 242, 548 S.W.3d 222. The supreme court has identified a few narrow exceptions in which it has held that our appellate courts do have jurisdiction in an interlocutory appeal; however, none of those exceptions are applicable here. *See Samontry v. State*, 2012 Ark. 105, at 5, 387 S.W.3d 178, 182 (involving an interlocutory appeal from

an order of the circuit court disqualifying counsel); *Williams v. State*, 371 Ark. 550, 558, 268 S.W.3d 868, 874 (2007) (involving an interlocutory appeal from an order rejecting a double-jeopardy defense); *Hamilton v. State*, 320 Ark. 346, 896 S.W.2d 877 (1995) (holding that an appeal from an order granting or denying the transfer of a case from one court to another having jurisdiction over juvenile matters must be considered by way of interlocutory appeal).

Appellant alternatively argues that we have jurisdiction because the facts of this case merit an exception to the general rule like cases involving an order rejecting a double-jeopardy defense. He claims that his constitutional right to due process is at stake and that his right to due process would be lost if the case goes to trial. We disagree.

The supreme court has specifically declined to hear pretrial matters pertaining to speedy trial, equitable estoppel, judicial estoppel, and due process in a criminal interlocutory appeal. *See Edwards v. State*, 328 Ark. 394, 943 S.W.2d 600 (1997); *Williams*, *supra*. In *Edwards*, the defendant raised arguments of equitable estoppel, judicial estoppel, and violation of his due-process rights in an interlocutory appeal in addition to a double-jeopardy argument. *Edwards*, *supra*. Although our supreme court addressed the defendant's double-jeopardy argument, it held that issues pertaining to equitable estoppel, judicial estoppel, and due process were premature and did not warrant the protection of an interlocutory appeal as does a double-jeopardy argument. *Id.* Instead, it concluded that those issues may be later considered on direct appeal, if necessary. *Id.* As such, we decline to address the merits of appellant's arguments in this interlocutory appeal and dismiss his appeal without prejudice. *See Williams*, *supra*.

7

Appeal dismissed without prejudice.

GLADWIN and KLAPPENBACH, JJ., agree.

*The Legal Oak Law Firm*, by: *Jody L. Shackelford*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.