Cite as 2024 Ark. App. 410

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-23-475

| | | |
|---|---|---|
| KAREN ASTORGA | | Opinion Delivered September 4, 2024 |
| | APPELLANT | |
| V. | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35DR-21-876] |
| | | |
| | | HONORABLE MAC NORTON, JUDGE |
| LUCIANO ASTORGA | | |
| | APPELLEE | AFFIRMED |

**MIKE MURPHY, Judge**

In this one-brief appeal, appellant Karen Astorga appeals from the Jefferson County Circuit Court's order denying her motion to set aside the parties' divorce decree. Karen contends the court never gained personal jurisdiction over her due to imperfect service, rendering the decree void. Accordingly, she argues that the court erred in failing to set aside the decree. We affirm.

Karen and Luciano were married for thirty-five years, and four children were born of the marriage. Luciano filed for divorce on October 4, 2021. Karen was served by a process server with a summons, complaint for divorce, and notice of hearing on restraining order on November 1.

A divorce hearing was held on February 1, 2022, but Karen was not present. The court stated from the bench that Karen had called its office that morning seeking to postpone

the hearing so she could obtain representation. Luciano stated that he had been with Karen when she called the court but did not give any more detail.

Following the hearing, a divorce was granted on the basis of general indignities. A divorce decree and property settlement order was issued from the court a week later. The decree ordered that Karen was entitled to her marital share of Luciano's retirement account. A Qualified Domestic Relations Order (QDRO) dividing the retirement account was filed August 23, 2022.

On February 4, 2023, Karen, represented by counsel, filed a pleading titled "Brief in Support of Petition for Alimony." On February 8, Karen filed a motion to set aside the divorce decree under Rule 60 of the Arkansas Rules of Civil Procedure. In the motion, she alternatively requested that the divorce decree be modified to include alimony. Luciano moved to dismiss Karen's action for failure to state a claim and lack of jurisdiction.

Without a hearing, the court denied Karen's motion by order entered March 28, finding that she was properly served and that her request for alimony was untimely. On April 8, Karen filed a motion for reconsideration and an amended motion for reconsideration, which was deemed denied. She filed her notice of appeal on April 25.

On appeal, Karen argues that service was not perfected, rendering the decree void. Statutory service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact. *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996). Arkansas law is well settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Vinson v. Ritter*, 86 Ark. App. 207,

167 S.W.3d 162 (2004) (citing *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003)).

To support her argument, she relies on Arkansas Rule of Civil Procedure 4(d)(1), which provides:

> *(d) Proof of Service.* The person effecting service shall make proof of service to the clerk within the time during which the person served must respond to the summons. Failure to make proof of service, however, shall not affect the validity of service.
>
> (1) Proof of service may be made by executing a certificate of service contained in the same document as the summons. If service is made by a person other than a sheriff or his or her deputy, the certificate shall be sworn. If service has been by mail or commercial delivery company, the person making service shall attach a return receipt, envelope, affidavit, acknowledgment, or other writing required by subdivision (g)(1) and (2) of this rule.

Here, according to the proof of service, Karen was personally served by a process server on November 1, 2021, at 6:15 p.m. in her driveway. The certificate of service lacks a notarized signature. Karen concedes service was completed but contends that because the process server failed to get the certificate sworn, service was never perfected.

It is well settled that there is a distinction between service and proof of service. *Israel v. Oskey*, 92 Ark. App. 192, 201, 212 S.W.3d 45, 51 (2005). Failure to make proof of service does not affect the validity of service. *Id.* We review findings by the court concerning service under a clearly erroneous standard. *Turcios v. Carter*, 2023 Ark. App. 476, at 9, 678 S.W.3d 802, 810.

Here, Karen concedes service was completed; it was therefore not clearly erroneous for the court to conclude service was made. Accordingly, personal jurisdiction was acquired, and the decree is not void.

Karen alternatively argues the court erred by failing to set aside the divorce decree and consider alimony on the basis of Arkansas Rule of Civil Procedure Rule 60(g). This argument lacks merit.

Rule 60 governs a party's entitlement to relief from a judgment, decree, or order. Rule 60(g) states: "*(g) Exception for Divorce Decrees.* No judgment granting a divorce, except as it relates to alimony, shall be set aside under subsection (c)(2) of this rule." Further, subsection (c)(2) permits a new trial against a defendant who was "constructively summoned" and "did not appear" so long as a motion was made within two years after the filing if the judgment.

At the outset, Rule 60 is not applicable because we hold that Karen was properly served. Further, she was aware of the divorce hearing because she called the court's office the morning it was set, and she availed herself of the QDRO. Thus, she is not entitled to relief under Rule 60.

Karen's remaining arguments challenge the court's determination concerning the grounds for divorce, the finality of the decree, and whether there was a miscarriage of justice and fraud on the court. We do not address these arguments because Karen did not request any relief in the circuit court first. *See Cook v. Cook*, 2022 Ark. App. 449.

Affirmed.

THYER and HIXSON, JJ., agree.

*George Howard Jr. Legal Center, L.L.C.*, by: *Risie Howard*, for appellant.

One brief only.