Cite as 2024 Ark. App. 527

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-23-526

|  |  |
|---|---|
| JUSTIN ROE AND RJX ENTERPRISES, LLC | Opinion Delivered October 30, 2024 |
| APPELLANTS | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-22-3031] |
| V. |  |
| THEODORE SOMACH; TWS HOLDINGS, LLC; AND ENTERTAINMENT DISTRIBUTION GROUP, INC., D/B/A ENTERTAINMENT USA | HONORABLE BETH STOREY BRYAN, JUDGE |
| APPELLEES | AFFIRMED |

**CINDY GRACE THYER, Judge**

Justin Roe ("Roe) and RJX Enterprises, LLC ("RJX"), appeal from the order of the Washington County Circuit Court that granted a motion for default judgment and motion to strike amended answer filed by appellees Theodore Somach; TWS Holdings, LLC; and Entertainment Distribution Group, Inc. (collectively, "Somach"). We affirm.

I. *Factual and Procedural Background*

According to a complaint filed on November 16, 2022, Somach, who operates retail businesses that sell products in online marketplaces, hired Roe and RJX to perform services related to product advertising and marketing as well as distribution logistics. The complaint alleged that RJX and Roe, who owns and operates RJX, had breached the parties' business

agreement, engaged in fraud, and converted Somach's property. At the time the complaint was filed, RJX's status with the Arkansas Secretary of State's office was "not current." Separate summonses were issued for Roe and RJX on November 16. Proof of service on both defendants was obtained on January 5, 2023, and filed in circuit court on January 11.

On January 23, the parties filed an order stating they "have agreed to and the court does hereby grant an extension of twenty-one (21) days for the defendants to file their answer to the complaint filed in this matter." Roe thereafter filed an answer, pro se, on February 28, 2023. The answer was clearly signed "Respectfully Submitted Pro Se, Justin Roe, Defendant."

On April 25, Somach moved for default judgment against RJX, arguing that RJX had failed to file a responsive pleading within either thirty days or the additional twenty-one days granted in the agreed order. Somach acknowledged that Roe had filed a pro se answer on February 28, but he asserted that Roe could not file an answer on behalf of the LLC and had engaged in the unauthorized practice of law by attempting to do so. Somach therefore requested a default judgment specifically—and solely—against RJX.

Roe and RJX subsequently hired counsel who, on May 8, filed an amended answer and motion to dismiss. In the motion to dismiss, Roe and RJX alleged that RJX lacked the legal capacity to be sued in state court because its entity status had been revoked by the Arkansas Secretary of State's office at the time the complaint was filed. They further argued that the complaint failed to establish the existence of a contract or plead fraud with the requisite specificity.

Roe and RJX also responded to Somach's motion for default judgment, again arguing that RJX lacked the legal capacity to be sued. In addition, they denied that Roe had appeared on behalf of RJX or otherwise engaged in the unauthorized practice of law. Further, they urged the court to exercise its discretion to deny the motion for default judgment because there were meritorious defenses available to RJX; there was a possibility of inconsistent judgments being entered against Roe individually and against RJX; and RJX had not willfully failed to answer the complaint.

Somach moved to strike the amended answer on May 18, 2023. He acknowledged that Roe had filed a pro se answer on February 28, 2023. The amended answer, however, was the first answer to the complaint filed by RJX. Because it was submitted well outside the time for filing an answer, Somach asked the court to strike the answer "as it relates to Defendant RJX" from the record. Somach also responded to Roe and RJX's motion to dismiss, acknowledging RJX's argument that it lacked capacity to be sued at the time the complaint was filed but asserting that the issue was moot because RJX's status with the Secretary of State's office had been reinstated. Somach attached a copy of a printout from the Secretary of State's office showing that RJX's status was in "good standing."

On June 8, without holding a hearing, the circuit court entered an order granting Somach's motion for default judgment against RJX and his motion to strike RJX's amended

3

answer. The order stated that the court would set the matter for trial to determine liability and damages against Roe and to determine damages against RJX.[1]

Roe and RJX filed a timely notice of appeal and now raise three arguments for reversal: (1) RJX lacked the legal capacity to be sued; therefore, a default judgment is not an available remedy for Somach; (2) Roe did not appear on behalf of RJX or engage in the unauthorized practice of law; and (3) the circuit court abused its discretion by striking the amended answer and granting a default judgment against RJX.

## II. *Standard of Review*

The standard of review for considering whether a default judgment was properly granted is whether the circuit court abused its discretion. *Ewing v. Schmalz*, 2024 Ark. App. 127, 686 S.W.3d 25; *Gawenis v. Zelda Walls Living Tr.*, 2022 Ark. App. 302. Likewise, a circuit court's decision to strike an answer is reviewed for an abuse of discretion. *Looney v. Blair*, 2010 Ark. 479.

## III. *Discussion*

---

[1]Ordinarily, a judgment or order is not final and appealable if the issue of damages remains to be decided. *Israel v. Oskey*, 92 Ark. App. 192, 212 S.W.3d 45 (2005); *see also Sevenprop Assoc. v. Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988) (in an appeal from a default judgment on liability, when there was a failure to file a timely answer and the issue of damages was not yet resolved, dismissal of appeal was required). When, however, a default judgment that does not resolve damages is coupled with an order striking an answer, an appeal may be taken. In *Arnold Fireworks Display, Inc. v. Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991), the supreme court held that the specific provision in Arkansas Rule of Appellate Procedure–Civil 2(a)(4) that allows an appeal from an order that strikes all or part of an answer controls over the more general rule of Rule 2(a)(1), which requires a "final judgment." *See also Israel*, *supra* (permitting an appeal when default judgment was coupled with an order striking the answer).

A.  RJX's Legal Capacity

In its first argument on appeal, RJX argues that it lacked the legal capacity to be sued; therefore, a default judgment was not an available remedy against it. It argues that because its corporate status was "not current" at the time Somach filed his complaint, it was not a legal entity subject to suit at that time.

RJX correctly notes that corporate existence is governed by the law of the state in which the corporation is domiciled. *Teague v. Home Mortg. & Inv. Co.*, 250 Ark. 322, 324, 465 S.W.2d 312, 313 (1971). As an Arkansas corporation, RJX's capacity is thus determined by Arkansas law. The pertinent Arkansas law on this matter is found in Arkansas Code Annotated section 26-54-112(a)(1)(A) (Repl. 2020), which addresses corporations[2] whose authority to do business in the state has been revoked by the Secretary of State's office. The statute expressly declares that such a corporation may be "reinstated to all its rights, powers, and property" and that such reinstatement "shall be retroactive to the time that the corporation's authority to do business in the state was declared revoked." Ark. Code Ann. § 26-54-112(a)(1)(A)(i)–(ii).

Although it is not clear from the record when RJX's corporate status was reinstated, RJX does not, either in its pleadings below or in its briefs to this court, dispute the validity of the document submitted by Somach indicating that it was in "good standing" as of May

---

[2]Arkansas Code Annotated section 26-54-102(a) (Supp. 2023) provides that "corporation" means "any corporation or *limited liability company* . . . which is organized in or qualified under the laws of the State of Arkansas." (Emphasis added.)

18, 2023 (the date on which Somach responded to RJX's motion to dismiss). Once a company's corporate status is restored, it is "vested . . . with continuous existence as though revocation of its charter had never occurred." *Beck v. Inter City Transp., Inc.*, 2012 Ark. App. 370, at 3, 417 S.W.3d 740, 743. Because RJX does not dispute that its status had been reinstated, we must therefore conclude that its good standing was retroactive, at a minimum, to the date on which the lawsuit was filed.[3] Because RJX maintained retroactive standing at that time, its corporate status was not a basis for the circuit court to dismiss the complaint against it.

## B. Unauthorized Practice of Law

In its second point on appeal, RJX argues that Somach's motion for default judgment was "based on [the] faulty premise" that Roe had attempted to file an answer on its behalf and had thus engaged in the unauthorized practice of law. The default-judgment motion asserted the following:

> Defendant Justin Roe cannot file an answer on behalf of a Limited Liability Company. While Defendant Justin Roe is entitled to represent himself, any attempt at an appearance on behalf of RJX Enterprises LLC constitutes the unauthorized practice of law. Where a party not licensed to practice law in this state attempts to represent the interest of others, those actions, such as the filing of pleadings, are rendered a nullity. Accordingly, to the extent Defendant Justin Roe intended to file a pro se answer on behalf of RJX Enterprises LLC such action must be rendered a nullity.

---

[3]Somach's exhibits reflecting RJX's corporate status are not dated. As noted above, however, RJX does not contest the validity of these documents.

Roe concedes that a nonlawyer is not allowed to represent an LLC in court proceedings. *See Davidson Props., LLC v. Summers*, 368 Ark. 283, 244 S.W.3d 674 (2006). He argues, however, that he did not engage in the practice of law on behalf of RJX but instead filed his pro se answer to the complaint solely in his individual capacity. Roe maintains that because Somach's motions for default judgment and to strike the amended answers "were based on the assertion of 'unauthorized practice of law' and there was no evidence to support this conclusion, the circuit court abused its discretion in granting the motion."

Regardless of Somach's arguments regarding the alleged unauthorized practice of law in his motion, it remains without dispute that RJX failed to file a timely responsive pleading. Although default judgments are disfavored by courts, issuing a default judgment when a defendant fails to timely respond to a complaint under Arkansas Rule of Civil Procedure 55 is not an error of law or against the preponderance of the evidence. *Sanders v. JLP, LLC*, 2024 Ark. App. 65, 683 S.W.3d 607; *Macom v. Di Cresce*, 2023 Ark. App. 530, 680 S.W.3d 36. We therefore find no merit to this argument on appeal.

## C. Default Judgment

In its final point on appeal, RJX argues that the circuit court's order granting the default judgment and striking the amended answer should be reversed for three reasons: (1) RJX has valid defenses to the lawsuit; (2) reversing the order would not harm Somach, but affirming will severely impact Roe and RJX; and (3) the order should be reversed because Somach seeks to hold Roe and RJX jointly and severally liable.

RJX first asserts that it had valid defenses to Somach's lawsuit, and the default judgment should therefore not have been entered against it. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court. Ark. R. Civ. P. 55(a). The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. Ark. R. Civ. P. 55(c).[4] The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action (unless the judgment is void, which RJX does not allege here). *Id.*

RJX does not dispute that its answer was not timely filed, and our review of the record does not indicate that it ever offered any reason for its failure to do so. When a party opposes a motion for default judgment, a showing of one of the four enumerated reasons in Rule 55(c) is a "threshold" matter that must be satisfied before considering whether the defaulting party has a meritorious defense. In *Nissan North America, Inc. v. Harlan*, 2017 Ark. App. 203, at 8–9, 518 S.W.3d 89, 95, this court held that Rule 55(c) "requires a two-step analysis before a defaulting defendant can succeed in having a default judgment set aside," and the first step

---

[4]Although RJX did not expressly file a motion to set aside the default judgment, Arkansas's courts have adopted the federal practice and consider opposition to a motion for default judgment to be the equivalent of asserting a motion to set aside a default judgment. *Solis v. State*, 371 Ark. 590, 597, 269 S.W.3d 352, 357 (2007); *B&F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 178, 830 S.W.2d 835, 837 (1992).

is demonstrating "that one of the four enumerated categories of legally acceptable reasons or excuses existed to justify setting aside the default judgment." When the threshold issue is not met, this court will not reach the second step of the analysis. *Id.* Stated another way, while it is true that a defendant wishing to set aside a default judgment must demonstrate a meritorious defense to the action, the defense in and of itself is not sufficient without first establishing one of the grounds laid out in Rule 55(c). *Riggs v. Riggs*, 2020 Ark. App. 381, 606 S.W.3d 588. The naked allegation that a party has a meritorious defense does not warrant setting aside a default judgment. *Id.*

RJX's first argument for reversing the default judgment is that it has meritorious defenses to Somach's claims, including (1) it lacked the legal capacity to be sued; (2) Somach failed to establish the existence of a valid contract; (3) Somach failed to adequately plead fraud; and (4) RJX returned Somach's property to him, thus negating his claim for conversion. RJX does not, however, establish that any of the grounds for setting aside the default judgment set forth in Rule 55(c) exist. Indeed, RJX fails to assert *any* reason or explanation as to why it failed to file a timely answer. Because we conclude that RJX has failed to meet the threshold issue of establishing a legally acceptable reason to justify setting aside the default judgment, our analysis ends here.

In its next subpoint, RJX argues that this court should reverse the entry of default judgment against it because doing so will not harm or prejudice Somach, while affirming "would inflict significant harm on both Roe and RJX" because of the possibility of

inconsistent verdicts. RJX adds that it is clear that Roe attempted to comply with court procedures and did not intentionally default on behalf of RJX.

Although RJX generally appeals to fairness and the court's discretion, it fails to cite a single case in support of this argument. This court will not consider arguments not supported by convincing argument or citation to authority. *Jade Prop. Holdings, LLC v. First Serv. Bank*, 2024 Ark. App. 414, ___ S.W.3d ___; *Hamerlinck v. Hamerlinck*, 2023 Ark. App. 475; *Grimsley v. Drewyor*, 2019 Ark. App. 218, 575 S.W.3d 636. It is therefore unnecessary to address this point further.

Finally, RJX questions whether a default judgment can be entered against one defendant when there are multiple defendants alleged to be jointly and severally liable and the action against the other defendant is still pending. RJX asserts generally that "when one party defaults while the action is still pending and there is joint and several liability, all claims must be disposed of as to all defendants before a final, appealable judgment can be entered." *See* Ark. R. Civ. P. 54(b). This means, it continues, that "when a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." It goes on to posit a hypothetical situation: If Roe wins in the circuit court against all of Somach's claims, RJX could still potentially have to pay damages. RJX therefore argues that reversing the default judgment against it would prevent potential future inconsistent judgments.

This argument is speculative, at best. Roe is still entitled to a trial, and RJX is still entitled to a hearing on damages. As Somach notes, "the issues raised by appellees in this argument are still to be determined and may not be issues at all," and thus, a reversal based on this argument would be premature. We agree, and we therefore affirm on this point. *See Etoch v. Simes*, 340 Ark. 449, 10 S.W.3d 866 (2000) (refusing to address an argument because it was "purely speculative and premature").

Affirmed.

KLAPPENBACH and WOOD, JJ., agree.

*Table Law*, by: *Martha Ayres*, for appellants.

*Hickey and Hull Law Partners*, by: *Bradley D. Hull*, for appellees.